GRANDMONT IMPROVEMENT ASSOCIATION *v.* LIQUOR CONTROL COMMISSION.

1. COVENANTS—WAIVER—LACHES.

Whether or not there has been a waiver of a restrictive covenant or whether those seeking to enforce the same are guilty of laches are questions to be determined on the facts of each case.

2. SAME—WAIVER—LACHES—RESIDENCE SUBDIVISION—INTOXICATING LIQUORS.

Owners of lots in subdivision upon which valuable residences have been erected did not waive the enforcement of restrictive covenant against use of property in the subdivision for manufacture or sale of intoxicating liquor and were not guilty of laches in connection therewith where bill was filed December.6, 1938, appellant has held a license since June, 1937, shortly after which she was advised that proceedings would be commenced if she continued to violate the restriction, her lease has about two years to run and she has spent no sums in connection with the property to conduct the sale of liquor except to procure a stock for sale.

3. SAME—AMBIGUITIES—CONSTRUCTION—INTOXICATING LIQUORS.

A restriction against use of buildings on business property ''for the manufacture or sale of spirituous or malt liquors'' is plain, simple and unambiguous and includes the prevention of sale of such beverages in packages for consumption off the premises,

hence will not be modified by a construction in light of conditions surrounding the sale of alcoholic beverages at the time it was created merely to abolish saloons from the neighborhood.

Appeal from Wayne; Moll (Lester S.), J. Submitted June 11, 1940. (Docket No. 81, Calendar No. 41,072.) Decided September 6, 1940.

Bill by Grandmont Improvement Association and others to restrain the Liquor Control, Commission of the State of Michigan from granting or renewing liquor licenses in violation of subdivision restrictions. William N. Brown and Dora M. Schneyer intervened as parties defendant. Decree for plaintiffs. Defendant Schneyer appeals. Affirmed.

*David J. Cohen* and *Louis Rosenzweig,* for appellant.

*Elmer H. Groefsema,* for appellees.

CHANDLER, J. Plaintiff, Grandmont Improvement Association, is a nonprofit corporation, the members thereof being property owners in Grandmont subdivision in the city of Detroit. The remaining plaintiffs are individual property owners in said subdivision.

A restriction created at the time of platting provides:

"Grand River avenue: Buildings may be constructed on Grand River avenue for business purposes, said buildings to be constructed of stone or brick exterior, with a height of at least two full stories, said buildings to cost not less than $3,000 for a lot 20 feet in width. Said buildings are not to be used for the manufacture or sale of spirituous or malt liquors."

The bill of complaint was filed against the liquor control commission, alleging that, unless restrained, said commission would issue licenses for the sale of alcoholic beverages within the limits of the subdivision, contrary to the restriction in question, and prayed for an injunction restraining the issuing or renewal of any such licenses.

Defendant Brown operated a restaurant on Grand River avenue wherein liquor was dispensed by the glass, and defendant Schneyer is the operator of a drug store and the holder of a license permitting the sale of liquor in packages for consumption off the premises. These two defendants were granted leave to intervene in subordination to and in recognition of the propriety of the main proceedings.

The trial court entered a decree granting the relief prayed, permitting, however, the issuance of a license to allow the intervening defendants time within which to dispose of their stocks of liquor then on hand. From this decree, defendant Schneyer appeals, claiming that there has been a waiver of the restriction and that plaintiffs are guilty of laches.

Apparently defendant Brown obtained his license shortly after the sale of liquor and beer was legalized in the State and prior to the time plaintiff Kasten purchased his home in the subdivision in 1935. Defendant Schneyer has held her license since June, 1937. She is the lessee of the premises from which her drug business is conducted, the lease being for a period of five years.

The record shows that on July 26, 1937, defendants Brown and Schneyer were advised by letter that if they continued to violate the restriction an injunction would be sought to compel compliance therewith; also, that in April, 1936, the liquor control commission was requested to refuse licenses which would permit a violation of the restriction

and said commission advised on April 20, 1936, that the license of defendant Brown would not be renewed after the following May 1st. The license was, however, subsequently renewed. The bill of complaint was filed on December 6, 1938.

Whether or not there has been a waiver of a restrictive covenant or whether those seeking to enforce the same are guilty of laches are questions to be determined on the facts of each case as presented. *Bigham* v. *Winnick,* 288 Mich. 620. We fail to see any equities in favor of appellant. She does not own the premises upon which her business is conducted, but occupies under a lease which has approximately two years to run. She has spent no sums in connection with the property to prepare herself to conduct the sale of liquor, her only investment in connection therewith being the amount involved in the stock of beverages offered for sale.

On the other hand, the subdivision is made up of residences varying in value from $7,000 to $60,000. She was requested in 1937 to comply with the restriction and the liquor control commission had previously been requested not to renew the license of defendant Brown for the same reason. It cannot be said that upon these facts plaintiffs have waived the enforcement of the restriction or that they have been guilty of laches in connection therewith.

Appellant also contends that the restriction should be construed in the light of conditions surrounding the sale of alcoholic beverages at the time it was created; that its purpose was to abolish the saloon from the neighborhood, not to prevent the sale of such beverages in packages for consumption off the premises. The language used in creating the restriction was plain, simple and unambiguous. To

adopt appellant's argument would result in an unwarranted modification of the language used.

Decree affirmed, with costs to plaintiffs.

BUSHNELL, C. J., and SHARPE, NORTH, McALLISTER, WIEST, and BUTZEL, JJ., concurred.  The late Justice POTTER took no part in this decision.