MERCY E. BAKER *vs.* HENRY V. SENECA & another.

Bristol.    October 29, 1952. — February 2, 1953.

Present:   QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Equitable Restrictions.    Equity Jurisdiction,* Equitable restrictions.

On the facts appearing in a suit in equity by a developer of a tract of shore
property against the proprietor of a restaurant located on two of the
lots therein to enforce a restriction against the keeping and sale of
liquor imposed on the lots in a deed of the plaintiff to a predecessor in
title of the defendant pursuant to a "scheme to develop a summer
cottage settlement" by "substantially uniform" restrictions, relief to
the plaintiff was not precluded either on the ground that there had been
a radical change in the character of the neighborhood making the pur-
poses of the restrictions incapable of accomplishment, although the
area near the defendant's lots had become devoted mainly to com-
mercial bathing pavilions and eating places, or on the ground that en-
forcement would cause the defendant hardship disproportionate to the
benefit secured by the plaintiff.   [740, 741]

The period of thirty years specified for certain equitable restrictions by
G. L. (Ter. Ed.) c. 184, § 23, runs with respect to a particular lot in a
tract of land from the time the restrictions are imposed on that lot
although they are imposed pursuant to a general scheme originated
earlier for development of the tract.   [740, 741]

BILL IN EQUITY, filed in the Superior Court on August 8,
1950.

The suit was heard by *Smith,* J., upon a master's report.

In this court the case was submitted on briefs.

*Patrick H. Harrington, Jr.,* for the defendants.

*Richard Paull,* for the plaintiff.

WILLIAMS, J.   In this bill in equity the plaintiff seeks to
enforce restrictions on the sale of intoxicating liquor imposed
by deed on two parcels of land at Horseneck Beach in
Westport now owned and occupied by the defendants.   The
case was referred to a master whose report was confirmed
and a final decree entered restraining the defendants from
violating the restrictions in question.   They appealed from
the decree.

The master reports the following facts. The defendants'
land is located on that part of Horseneck Beach called
West Beach which extends for about two miles westerly
from Gooseberry Neck to a commercial bathing beach and
restaurant called the "Spindrift" and then continues for
another mile to Westport Harbor. This last mile is un-
developed and inaccessible by road. A paved town way
called West Beach Road parallels the shore line approxi-
mately one hundred fifty feet above high water mark from
the neck as far as the "Spindrift." In 1915 the plaintiff
and her mother, Abbie L. G. Baker, owned a substantial
tract of land on both sides of West Beach Road extending
from east to west about one half mile. They subdivided this
land for purposes of sale into about ninety-seven lots, most
of which were fifty feet in width. A surveyor's plan of the
subdivision was recorded by the Bakers on August 8, 1916,
in Bristol County S. D. registry of deeds, plan book 14,
page 68.

The lots on the south or water side of West Beach Road
proceeding from east to west were numbered consecutively
53 to 95, and on the north or land side proceeding from
west to east 105 to 147. A forty foot road called 16th
Avenue was "set off" on the plan. It ran north from West
Beach Road between lots 118 and 119 to other town ways
north of the beach and south across West Beach Road
through lot 81A to the beach. It was accepted as a town
way in 1922. Thirty-two of the Baker lots are located
west of 16th Avenue.

Abbie L. G. Baker died in 1927, and on her death the
plaintiff became the sole owner of that part of the sub-
divided tract remaining unsold. She now owns lots 105 to
110, inclusive, and 113A west of 16th Avenue and lots 76,
128, 128A, 131 to 137, inclusive, and 145 east of the avenue.
None of these lots has been built upon. The defendants
own lots 78 to 86, inclusive, and 114 to 122, inclusive, all
being located at or near the intersection of 16th Avenue and
West Beach Road. The lots with which we are directly

concerned are 83 and 84. They were conveyed by the plaintiff to one W. George Hutchinson by deed dated April 18, 1931, and recorded on the same date in Bristol County S. D. registry of deeds, book 701, pages 268–269. This deed referred to the above plan and contained the following clause: "Reserving to the grantor as appurtenant to other land owned by her at said Horseneck, her heirs and assigns, respectively, the right to use the beach for travel, boating, bathing and fishing. The said premises are subject to the restrictions (1) that no alcoholic liquors shall ever be manufactured, kept or stored for sale, sold or otherwise disposed of thereon, (2) that in case said premises be used for dwelling house purposes, no more than one dwelling house shall be erected thereon, (3) that some form of sewage disposal shall be installed and maintained upon the premises conveyed that shall avoid any danger of contamination of the water supply of said premises or of adjacent premises." Hutchinson conveyed the lots in 1937 to one Manchester by deed which stated that the conveyance was made subject to the restrictions and conditions contained in the Baker deed. In 1946 Manchester conveyed the lots to one Perotti "subject to restrictions and conditions of record." Perotti conveyed the lots with several others to the defendants as joint tenants on March 29, 1947. The deed from Perotti described the lots as "shown on Plan of Land of Horseneck Beach, surveyed for Abbie H. Baker [*sic*] and Mercy E. Baker, September, 1915, on file in Bristol County (S. D.) Registry of Deeds, in plan book 14 page 68," and after reference to the Hutchinson and Manchester deeds stated that the conveyance was made "Subject to restrictions and conditions of record."

While many of the lots were sold by the Bakers without restriction as to commercial use, the majority of the deeds contained reservations of beach rights for the benefit of the remaining land and restrictions respecting the erection of more than one dwelling on a lot and the form of sewage disposal. The restriction against the sale of alcoholic beverages was included in the deed of every lot sold. The

restrictions "were substantially uniform," and "were imposed in furtherance of the scheme to develop a summer cottage settlement." The plaintiff "was determined to prevent the sale of alcoholic beverages on her land for the reason that she had a very strong conviction that otherwise the value of her development would be impaired."

Since the summer of 1949 the defendants have operated a restaurant called the "Midway" on lots 83 and 84 wherein alcoholic liquors are sold. Signs are maintained on and adjoining the premises advertising this fact. By the final decree the defendants were enjoined "from keeping or storing for sale, selling or otherwise disposing of alcoholic liquors on the premises," and were ordered to remove from the premises within one month all signs advertising the sale of alcoholic liquors thereon.

It is plain that the defendants acquired the lots on which they are now selling alcoholic liquor with constructive notice of the restriction contained in the deed from the plaintiff to Hutchinson, their predecessor in title. *Hano* v. *Bigelow,* 155 Mass. 341, 344. Although it was not specifically provided that the restriction was imposed for the benefit of other land of the grantor, it appears from the circumstances as well as from the scheme of development that such was the intent of the grantor. *Peck* v. *Conway,* 119 Mass. 546. *Sprague* v. *Kimball,* 213 Mass. 380, 382. *Snow* v. *Van Dam,* 291 Mass. 477, 482.

It is generally held that a restriction against the sale of intoxicating liquor is the kind of restriction which a court of equity will enforce. *Jameson* v. *Brown,* 109 Fed. (2d) 830. *Star Brewery Co.* v. *Primas,* 163 Ill. 652. *Sorrentino* v. *Cunningham,* 111 Ind. App. 212, 224. *Grandmont Improvement Association* v. *Liquor Control Commission,* 294 Mich. 541. *Northwestern Improvement Co.* v. *Lowry,* 104 Mont. 289. *Alamogordo Improvement Co.* v. *Prendergast,* 45 N. M. 40. *Isaacs* v. *Schmuck,* 245 N. Y. 77. *Benner* v. *Tacony Athletic Association,* 328 Pa. 577, 579.

The plaintiff, not only because she imposed the restriction but also because she is the owner of the land to which it is

intended to be appurtenant, is entitled to have it enforced. *Whitney* v. *Union Railway*, 11 Gray, 359, 365. *Parker* v. *Nightingale*, 6 Allen, 341. *Sanborn* v. *Rice*, 129 Mass. 387, 396–397. *Snow* v. *Van Dam*, 291 Mass. 477. *Sterling Realty Co.* v. *Tredennick*, 319 Mass. 153, 156.

The defendants however contend that (1) "The circumstances have changed so substantially that the purposes of . . . [the] restrictions are incapable of accomplishment," (2) "The 'plan' or 'scheme' of restriction relied upon by the plaintiff . . . is no longer valid," and (3) "The relative hardship to the defendants if injunctive relief is granted as prayed for will be disproportionate to the benefit secured thereby to [the] plaintiff." Since 1935 when West Beach Road west of 16th Avenue first became accessible to travel the land along the road for a distance of three hundred feet easterly from 16th Avenue and on the water side of the road west of the avenue, has become devoted entirely to commercial uses, mainly in the form of bathing pavilions where lockers are let and light refreshments served. It is found that the plaintiff's remaining four lots north of the road and west of the avenue are more valuable for commercial purposes than for summer cottages. From a point three hundred feet east of 16th Avenue to Gooseberry Neck there is a summer colony of approximately eighty-five cottages of which twenty-four are on lots sold by the plaintiff. Other than the four lots west of 16th Avenue all of the plaintiff's unsold lots are in this section. We think the general neighborhood in which the plaintiff's tract is located has not changed so radically in character that the doctrine of *Jackson* v. *Stevenson*, 156 Mass. 496, is applicable. See *Gilbert* v. *Repertory, Inc.* 302 Mass. 105, 110. There are no other places where alcoholic liquors are sold nearer than the "Spindrift" one half mile to the west and three establishments at Gooseberry Neck from one mile and a half to one mile and three quarters to the east. The maintenance of bathing pavilions and restaurants does not alter the character of the vicinity so far as the sale of liquor is concerned.

There is no basis for the contention that under G. L. (Ter.

Ed.) c. 184, § 23, the restriction has expired. The limitation provided by that statute will not terminate the restriction until the end of thirty years from April 18, 1931, the date of the deed from the plaintiff to Hutchinson, wherein it was created. See *Snow* v. *Van Dam*, 291 Mass. 477, 486–487.

We see no reason for denying the plaintiff injunctive relief. It is found that the value of the "Midway" restaurant together with the adjacent lots owned by the defendants is $40,000. It does not appear, as contended, that depriving them of the opportunity to sell liquor will visit a hardship on them disproportionate to the benefit obtained by the plaintiff. It has been the practice to issue mandatory injunctions in situations where the hardship to the defendant is far greater than is shown here. See *Stewart* v. *Finkelstone*, 206 Mass. 28, 38; *Gilbert* v. *Repertory, Inc.* 302 Mass. 105, 108.

There was no error in the final decree. It is affirmed with costs of this appeal.

*So ordered.*