KACZYNSKI *v.* LINDAHL.

**1.** COVENANTS—RESTRICTIONS OF USE—SALE OF LIQUOR—SALABILITY OF REMAINING PROPERTY.

A grantor in conveying property may impose restrictions as to the use thereof, forbidding sale of liquor in the premises, or use of premises for a dance hall or tavern, because of strong personal beliefs about sale of liquor, and in order to increase the aesthetic and salable value of his remaining property, and such restrictions are valid and enforceable.

**2.** SAME—RESTRICTIONS OF USE—SPIRITUOUS LIQUORS.

A covenant not to use premises for the purpose of vending spirituous liquors is not an unreasonable restraint on the use of the premises.

**3.** DEEDS—NOMINAL CONDITIONS—STATUTES—ACTUAL OR SUBSTANTIAL BENEFIT.

Courts, by statute, may wholly disregard a condition annexed to a grant of land that is merely nominal, or that evinces no intention of actual or substantial benefit to the party in whose favor it is to be performed (CL 1948, § 554.46).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 20 Am Jur 2d, Covenants, Conditions and Restrictions §§ 165, 166, 168, 181, 182, 231.
  30 Am Jur, Intoxicating Liquors § 507.
[3] 20 Am Jur 2d, Covenants, Conditions and Restrictions §§ 288, 304, 312, 313, 326, 327.
[4] 20 Am Jur 2d, Covenants, Conditions and Restrictions §§ 288, 300, 304, 327.
  30 Am Jur, Intoxicating Liquors § 508.
[5] 20 Am Jur 2d, Covenants, Conditions and Restrictions §§ 165, 166, 168, 182.
[6] 30 Am Jur, Intoxicating Liquors §§ 507, 508.
[7, 8] 30 Am Jur, Intoxicating Liquors §§ 5, 8, 9, 10.
[9] 20 Am Jur 2d, Covenants, Conditions and Restrictions §§ 185, 231.
  20 Am Jur, Intoxicating Liquors § 507.

4. Same—Restriction—Sale of Liquor.

    A restriction in a deed against the sale of liquor on the conveyed premises is not a nominal condition which may be disregarded by courts (CL 1948, § 554.46).

5. Covenants—Restrictions of Use—Public Policy—Unlawful Restraint of Trade.

    A grantor in conveying property may impose restrictions as to the use thereof, the only limitation of such right being that it be exercised reasonably, with due regard to public policy and without creating any unlawful restraint of trade.

6. Same—Restrictions of Use—Sale of Intoxicating Liquors.

    A covenant not to use premises for the purpose of vending intoxicating liquors is not contrary to public policy and is valid and enforceable, and applies to sale of such liquors for consumption on or off the premises.

7. Words and Phrases—Beer and Wine—Alcoholic Liquor.

    Beer and wine are included in the liquor control act under the classification of alcoholic liquor (CLS 1961, § 436.2).

8. Intoxicating Liquors—Beer and Wine.

    Beer and wine are intoxicating beverages.

9. Covenants—Language—Reversion.

    Language of restriction on deed which provides for a reversion to the grantor or his heirs if the grantee, his heirs or assigns, keep for sale or permit intoxicating liquor to be sold on the premises or use the premises for a dance hall or tavern *held*, to be plain, simple and unambiguous.

Appeal from Iron; Brown (Ernest W.), J. Submitted Division 3 October 4, 1966, at Marquette. (Docket No. 1,175.) Decided December 8, 1966.

Complaint by Joseph Kaczynski and Evelyn Kaczynski against Walter J. Lindahl and Elna E. Lindahl to remove a condition from a deed to land, which provided a reversion to the grantor of grantee, if his heirs or assigns sell liquor or use the premises for a dance hall or tavern. Judgment for defendants. Plaintiffs appeal. Affirmed.

*Santini, Jacobs & McDonald (Jack T. Jacobs,* of counsel), for plaintiffs.

*F. Lloyd Symmonds,* for defendants.

T. G. KAVANAGH, J. This was an action to remove a condition which had been inserted by defendants-appellees in a deed to land subsequently acquired by plaintiffs-appellants.

The restriction contained in appellants' deed provides for a reversion to the grantor or his heirs if the grantee, his heirs or assigns, keep for sale or permit liquor to be sold on the premises or use the premises for a dance hall or tavern and thus is a condition subsequent.

Appellants bought the property in 1960 and were aware of the restriction. They own and operate a gasoline station, grocery store, restaurant and motel at an intersection of two highways in a sparsely populated resort area. In May of 1965, the Michigan Liquor Control Commission issued a "take-out" license to appellants who have thus far made no attempt to sell.

At the hearing, appellee stated that all land sold by him in the past 15 years contained the same restriction with the exception of one piece of property in Iron City itself. Appellee stated that he inserted the restriction in the conveyances due to his personal and religious conviction against the sale of liquor as well as to enhance the salability of the retained land which he wanted to keep residential in nature.

The trial court upheld the restrictions as valid and denied the relief sought by plaintiffs who now bring this appeal.

Appellants first urge upon us that the restriction in their deed is invalid for two reasons, the first

being appellees' purpose for inserting the restriction and the second that it is an unreasonable restraint upon their use of the premises.

We find this contention to be without merit. In addition to their personal beliefs, the appellees herein inserted the restriction with a view towards increasing the aesthetic and salable value of the remaining property. Such purposes are not illegal and are not reasons for declaring a restriction invalid. Nor is the restriction an unreasonable restraint on the use of the premises. There is nothing unreasonable in appellees' disposing of their property for such purposes and indeed it is their right so to do. See *Chippewa Lumber Co.* v. *Tremper* (1889), 75 Mich 36 (4 LRA 373, 13 Am St Rep 420); and *Jenks* v. *Pawlowski* (1893), 98 Mich 110 (22 LRA 863, 39 Am St Rep 522).

By statute,[1] courts may wholly disregard a condition annexed to a grant of land that is merely nominal or that evinces no intention of actual or substantial benefit to the party in whose favor it is to be performed. A restriction against the sale of liquor is not such. See *Smith* v. *Barrie* (1885), 56 Mich 314 (56 Am Rep 391); and *Watrous* v. *Allen* (1885), 57 Mich 362 (58 Am Rep 363).

A careful reading of the authorities cited us by appellants fails to convince us that their position is tenable. In the case of *Grant* v. *Craigie* (1940), 292 Mich 658, the court did not refuse to enforce a restriction in a deed, but rather, refused to imply the existence of a restriction in the deed. However, the court clearly stated at pp 661, 662 that,

"It is universally accepted that a grantor in conveying property may impose restrictions as to the use thereof. The only limitations on this right are that it shall be exercised reasonably, with due re-

---

1 CL 1948, § 554.46 (Stat Ann 1957 Rev § 26.46).

gard to public policy, and without creating any un-
lawful restraint of trade. A covenant not to use
premises for the purpose of vending spirituous
liquors is not contrary to public policy and is valid
and enforcible."

Appellant last contends that the sale of beer and
wine on the premises for consumption off the prem-
ises would not violate the restriction. We do not
agree. The language of the condition is clear. The
condition is "against the sale of intoxicating liquors"
and provides for a reversion if the appellants "shall
keep for sale or permit liquor to be sold."

The Michigan liquor control act[2] defines beer and
wine as classifications of alcoholic liquor and this
has been held to be "intoxicating." See *People* v.
*McCoy* (1922), 217 Mich 575. In answer to this
very contention which appellant now raises, the
court in *Grandmont Improvement Association* v.
*Liquor Control Commission* (1940), 294 Mich 541
stated (pp 544, 545):

"The language used in creating the restriction was
plain, simple and unambiguous. To adopt appel-
lant's argument would result in an unwarranted
modification of the language used."

We therefore affirm the decision of the trial court.
Appellees may tax their costs.

BURNS, P. J., and FITZGERALD, J., concurred.

---

[2] CLS 1961, § 436.2 (Stat Ann 1957 Rev § 18.972).