R. L. BAKER, Appellant,

v.

Allen ALFORD et al., Appellees.

No. 15942.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

July 13, 1972.

J. Milton Stewart, Baytown, for appellant.

No brief filed for appellees.

COLEMAN, Justice.

This is a building restrictions case. After a trial to the court a judgment was entered enjoining appellant from violating certain quoted restrictions and ordering him to remove from Lots 29 and 30 of the Sunrise Courts subdivision, Harris County, Texas, a certain "second hand house".

Appellees introduced into evidence a plat of the Subdivision. This plat contains a total of forty lots. A "Plat Dedication" executed by T. C. Dent dedicates certain property to public use, including the streets shown on the plat.

This paragraph also appears in the "Plat Dedication":

"Further, all the property subdivided in adjacent map shall be restricted in its use, which restrictions shall run with the title to the property, and shall be enforceable at the option of Harris County, by Harris County, or any citizen thereof by injunction as follows:"

There follow two restrictions, one relating to septic tanks, and the other to drainage structures under private driveways.

A deed from T. C. Dent conveying Lots 29 and 30 of said subdivision to Orval Burke was introduced. This deed recites:

"This conveyance is made by Grantor and accepted by Grantees subject to the following conditions, restrictions and limitations as follows:

" . . . and the following restrictions:

" . . . . .

"5. No trailer houses, temporary housing or the moving in of second hand houses shall be permitted in said Subdivision . . . ."

A deed from T. C. Dent conveying Lot 35 of said subdivision to Wilmer B. Anderson and Peggy Anderson was introduced into evidence. This deed recites:

"This conveyance is made by Grantor and accepted by Grantees subject to the covenants, conditions and restrictions binding on Grantor affecting the use and occupancy of the above described property."

There is no evidence of any such covenants, conditions or restrictions. Wilmer B. Anderson is one of the plaintiffs in the case.

Mr. Anderson testified that R. L. Baker's property was in Sunrise Courts Addition on the same street as his house. R. L. Baker moved a second hand house into the subdivision; that it is on "Lots 29 or 30", and that it is the only second hand house in the subdivision.

No other deeds out of the developer were introduced into evidence. There is no evidence that the restrictions found in the Burke deed were made applicable to substantially all of the lots in the subdivision by an instrument of dedication or otherwise.

Those seeking to enforce a restrictive covenant have the burden of establishing that the covenant was imposed on the land for the benefit of land owned by them. In the absence of such proof a deed restriction is construed as a personal covenant with the grantor. In such a case the deed restrictions cannot be enforced by the owners of other lots in the subdivision unless there is proof of a general plan or scheme for restricting the entire subdivision. Brehmer v. City of Kerrville, 320 S.W.2d 193 (Tex.Civ.App.-San Antonio 1959); Interstate Circuit, Inc. v. Pine Forest Country Club, 409 S.W.2d 922 (Tex. Civ.App.-Houston 1966, writ ref., n. r. e.).

Appellees completely failed to sustain their burden of proof. There is no evidence to support the conclusion of the trial court that appellees, or any one of them, had a legal right to enforce the deed restriction. The trial court erred in granting injunctive relief.

The judgment of the trial court is reversed and judgment is here rendered that appellees take nothing by their suit.

Reversed and rendered.