331 S.E.2d 861

**Emmajean ALLRED**

v.

**CITY OF HUNTINGTON, James L. Poling and Edith M. Poling.**

**No. 16435.**

Supreme Court of Appeals of West Virginia.

Submitted April 30, 1985.

Decided June 12, 1985.

James Allan Colburn, Baer & Colburn, Huntington, for appellant.

James W. St. Clair, Marshall & St. Clair, Huntington, for appellees.

PER CURIAM:

The appellant, Emmajean Allred, appeals from a final order of the Circuit Court of Cabell County as in violation of *Allred v. City of Huntington*, 172 W.Va. 204, 304 S.E.2d 358, 361 (1983), where this Court directed the circuit court to order the appellant's neighbors, James and Edith Poling, the appellees, to remove that portion of a roof, room, and column structure extending beyond a setback line established by a restrictive covenant in their respective deeds. On remand, the circuit court ordered only the removal of the column, and permitted the roof and room to remain. The appellant maintains that although the restrictive covenant in question prohibits only the construction of a "main foundation of any permanent structure" beyond an established setback line, the appellees should not be permitted to maintain the roof and room extending beyond the setback line but supported by columns within the deed restriction.

Although, with respect to the interpretation of restrictive covenants, this Court noted in *Ballard v. Kitchen*, 128 W.Va. 276, 282, 36 S.E.2d 390, 393 (1945), that, "the unrestricted use of property by the owner being favored in law, such covenants are strictly construed," ultimately, as noted by this Court in Syllabus Point 3 of *Wallace v. St. Clair*, 147 W.Va. 377, 127 S.E.2d 742 (1962), it is the intent of the parties that is controlling:

Where the owner of land divides it into lots in pursuance of a general plan for the development of an exclusively residential area and conveys the several lots to different grantees by deeds containing identical or substantially similar covenants restricting the use of the lots to residential purposes, such restriction must be construed, in the light of the surrounding circumstances and the obvious purpose sought to be achieved, so as to ascertain the true intent thereof as expressed in the language employed. Such restriction is valid, not violative of public good, inimical to the public policy or subversive of public interests. The resulting right of the owner of each lot to enforce the restriction against the owner of every other lot is a substantial and valuable right, and the owner of any lot should not be denied the right to enforce such restriction by estoppel, waiver or abandonment unless upon a clear showing and for cogent reasons.

In *Wallace v. St. Clair*, 147 W.Va. at 397, 127 S.E.2d at 755, despite a somewhat ambiguous restrictive covenant provision which stated that only "one dwelling and that a single dwelling" may be erected on each lot and that a dwelling may not be used "other than for dwelling or residence purposes, or purposes of like nature," this Court interpreted the terms "dwelling" and "single dwelling" to refer not only to the type of building permitted, but also to the permissible uses of such building, and held that property owners who were keeping eight roomers who paid rent in their home were in violation of this restrictive covenant provision.

Similarly, in the instant proceeding, despite the somewhat ambiguous nature of the "main foundation of any permanent structure" prohibition, we conclude that in light of the surrounding circum-

**132**

stances and the obvious purpose to be sought, the most likely intent of the parties as expressed in the language employed was to prohibit the roof and room structure which the circuit court erroneously permitted to remain. In limiting the setback prohibition to "main foundation of any permanent structure," the initial parties to the restrictive covenant were most likely seeking to exempt only such incidental incursions into the prohibited area as the eaves of a permanent structure built within the deed restriction or perhaps an awning or similar device attached to such structure but unsupported by posts anchored beyond the setback line. Setback lines serve to guarantee access to light, air, and unobstructed vision. Modern construction techniques and materials which permit permanent structure support in manners radically different from those traditionally feasible may not be utilized to undermine the purpose sought to be attained in the formulation of restrictive covenants prohibiting the construction of main foundations beyond a prescribed setback line.

For the foregoing reasons, the judgment of the Circuit Court of Cabell County is reversed, and the case remanded with directions that the circuit court order that the Polings remove that portion of the roof and room which violates the setback zone established by the restrictive covenant in their chain of title.

Reversed and remanded.