363 S.E.2d 487

James W. ALLEMONG and Helen Allemong, His Wife; Vincent A. Howard and Mary V. Howard, His Wife; Ronald R. Reeder and Eileen Reeder, His Wife

v.

Donald J. FRENDZEL and Lillian R. Frendzel, Husband and Wife.

No. 17512.

Supreme Court of Appeals of West Virginia.

Nov. 18, 1987.

Charles W. Hamison, Berkeley Springs, for appellees.

Richard L. Douglas, Martinsburg, for appellants.

McHUGH, Justice:

This case is before this Court upon the appeal of Donald and Lillian Frendzel from an order of the Circuit Court of Morgan County which permanently enjoined the appellants from selling alcoholic beverages on their property because such use violated a restrictive covenant prohibiting the sale of alcoholic beverages on the premises. This Court has before it the petition for appeal, all matters of record and the briefs of counsel.

I

Prior to 1955, L.B. Allemong, the original owner of the property in question, owned approximately 256 acres in Morgan County, West Virginia (hereinafter "the home place"). By deed dated March 22, 1955, he conveyed approximately three acres of this parcel to W.C. Yost, Jr., subject to the following restrictive covenant: "This conveyance is subject to the restriction that no alcoholic beverages of any kind shall be sold on said premises, and this covenant shall run with the land." From the aforementioned three-acre parcel, Donald Clayton, the successor in interest to W.C. Yost, Jr., conveyed approximately 1.006 acres to the appellants. The conveyance from Donald Clayton to the appellants was made subject to the restrictive covenant contained in the deed from Allemong to Yost.

L.B. Allemong died in 1958 and his widow, Hattie A. Allemong, executed a release of the restrictive covenant to Donald Clayton, as did James and Helen Allemong, two of the appellees herein. The release was signed by all the heirs of L.B. Allemong and Hattie Allemong who owned an interest in "the home place" except for Eileen L. Reeder. However, this release was ultimately withdrawn and subsequent conveyances of the parcel in question included the restriction prohibiting the sale of alcoholic beverages. A copy of the release was recorded in the Morgan County Clerk's office.

The appellants, Donald and Lillian Frendzel, are the owners of a convenience grocery store known as "Don & Lil's Market," which is situated on the parcel subject to the restrictive covenant. The appellees are James and Helen Allemong, owners of a portion of the home place; Ronald and Eileen Reeder, purchasers, along with the Allemongs, of a significant portion of the home place, the title to which has since been conveyed to others; and Vincent and Mary Howard, who are adjacent landowners. The Reeders have sold their interest in the property and presently own no land in the neighborhood of the parcel in question.

When the appellants purchased from Donald Clayton the tract of land on which their market sits, they were aware of the restriction prohibiting the sale of alcoholic beverages on the premises. The appellants subsequently applied to the State of West Virginia for a beer license which was granted and has been renewed every year since 1981. The appellants have engaged in retail sales of beer for off-premises consumption only; beer has never been sold or drunk over the counter or on the premises.

There are a number of sales outlets for beer within a three-mile vicinity north and south of the appellants' market, with two of the establishments as close as one-fourth of a mile from the appellants' business. The area immediately surrounding the 1.006 acre parcel in question is predominantly residential and agricultural.

The appellees sought permanent injunctive relief against the appellants to prohibit them from selling alcoholic beverages on the parcel of land that they had purchased. The trial court concluded that the restrictive covenant was reasonable and enjoined the appellants from selling beer on the premises.

## II

A preliminary issue which we must resolve is whether the appellees in the case before us, the plaintiffs below, had standing to seek injunctive relief which prohibited the appellants from selling alcoholic beverages at their convenience store.

■ Generally, a valid restrictive covenant may be enforced by one other than a party to the restrictive covenant provided that the parties to the deed in which the restrictive covenant originated intended that the restriction should benefit the land of the person claiming enforcement. Annotation, *Comment Note—Who May Enforce Restrictive Covenant or Agreement as to Use of Real Property*, 51 A.L.R.3d 556, § 3 (1973); 21 C.J.S. *Covenants* § 80 (1940); *see also Palermo v. Allen*, 91 Ariz. 57, 64, 369 P.2d 906, 911 (1962); *Baker v. Seneca*, 329 Mass. 736, 739, 110 N.E.2d 325, 327 (1953); *Gauthier v. Larchmont*, 30 A.D.2d 303, 304–06, 291 N.Y.S.2d 584, 586–87 (1968); *Baker v. Alford*, 482 S.W.2d 908, 909 (Tex.Civ.App.1972). Thus, the right to enforce a restrictive covenant depends directly upon an intent to benefit the land of the person seeking to enforce the restriction.

The inquiry is whether L.B. Allemong intended to benefit the land of James and Helen Allemong, Ronald and Eileen Reeder, and Vincent and Mary Howard by inserting the restrictive covenant into the initial deed as well as all subsequent deeds conveying the parcel in question.

■ The intention as to whom is entitled to the benefit of or who may enforce a restrictive covenant is ultimately a question of fact. *Club Manor, Inc. v. Oheb Shalom Congregation*, 211 Md. 465, 475, 128 A.2d 405, 410 (1957); *Anderson v. Marshall–Malaise Lumber Co.*, 66 N.D. 216, 219–20, 263 N.W. 721, 723 (1935); *Clark v. Guy Drews Post of American Legion*, 247 Wis. 48, 53, 18 N.W.2d 322, 324 (1945). *See generally* annotation, *Comment Note— Who May Enforce Restrictive Covenant or Agreement as to Use of Real Property*, 51 A.L.R.3d 556, § 4[b] (1973). Each case must be resolved primarily on the basis of its own particular facts, and individual cases are useful as precedent chiefly for the general principles that they recognize and declare. *See Palermo v. Allen*, 91 Ariz. 57, 63 & n. 1, 369 P.2d 906, 911 & n. 1 (1962).

Whether a restrictive covenant is personal to the grantee or a grantor, or to both, or binds their respective successors in title, and so the land by whomever owned from time to time,· as well as whether a grantor intended to bind land retained by him, is a question of intention, which may be ascertained from the language of the conveyances alone or from that language together with other evidence of intent.

*Gnau v. Kinlein*, 217 Md. 43, 48, 141 A.2d 492, 495 (1958).

In a case factually similar to the one now before us, the express language of a restrictive covenant prohibiting the sale of intoxicating liquors in a deed, together with the fact that subsequent conveyances of the grantor contained the same covenant, were construed to establish the grantor's intention to create a plan of restrictions uniformly and reciprocally applicable to the use of all lands in the neighborhood. *Rankin v. Brown*, 142 N.J.Eq. 180, 184, 59 A.2d 645, 648 (1948).

■ Although the restrictive covenant in this case did not specifically provide that the restriction was imposed for the benefit of the appellees, it is apparent from the circumstances that the grantor had intended a general scheme of development applicable to the use of the land conveyed. *See Baker v. Seneca*, 329 Mass. 736, 739, 110 N.E.2d 325, 327 (1953). Furthermore, the express language of the restriction is itself indicative of the grantor's intention to create a uniform plan of development because the covenant was to run with the land. In addition, the fact that the restrictive covenant was included in almost all of the subsequent conveyances of the property evidences an intent to benefit subsequent grantees of the property. *See Rankin v. Brown*, 142 N.J.Eq. 180, 184, 59 A.2d 645, 648 (1948). The record supports a conclusion that the intent of L.B. Allemong in

placing the restrictive covenant in the conveyance of that portion of his property was to protect and preserve the quality of the neighborhood.

Based upon the above principles, James and Helen Allemong, as owners of a portion of the home place and as intended beneficiaries of the grantor's restrictive covenant, have standing to seek enforcement of the restrictive covenant; Vincent and Mary Howard have standing to seek enforcement of the covenant as well because as adjacent landowners to the restricted parcel, their land was intended to reap the benefit of the restrictive covenant.[1]

### III

The principal issue before us in this appeal is whether a restrictive covenant prohibiting the sale of alcoholic beverages as contained in a deed is enforceable against the current owners of the land who purchased the parcel with full notice of the terms of the restrictive covenant and took their property subject to the restrictions therein.

The appellant principally contends that the language of the instrument is inherently ambiguous and that the passage of time has obscured the meaning of the restriction, since the original grantor could not have envisioned the commercial development of convenience stores as opposed to taverns and roadhouses, the type of commercial establishment they contend the restriction was designed to prohibit. The appellants also assert that there have been radical changes in the use of neighboring property so as to effectively destroy the objectives of the grantor's restriction.

Conversely, the appellees maintain that the language of the covenant is unambiguous and that the grantor's purpose in creating it is equally clear: to protect and preserve the quality of the residential and agricultural community by prohibiting the sale of alcoholic beverages. The appellees further contend that the covenant is reasonable in nature and scope and that there has been no radical change in the area surrounding the subject parcel sufficient to defeat the right to enforce the restriction.

In interpreting restrictive covenants, the general rule is that, because the unrestricted use of property by the owner is favored in law, restrictive covenants are strictly construed against the grantor. *Wallace v. St. Clair*, 147 W.Va. 377, 387, 127 S.E.2d 742, 750 (1962); *see also Allred v. City of Huntington*, 175 W.Va. 130, 131, 331 S.E.2d 861, 862 (1985); *Ballard v. Kitchen*, 128 W.Va. 276, 282, 36 S.E.2d 390, 393 (1945). However, the rule that restrictive covenants are strictly construed may be resorted to only in cases of ambiguity. *Wallace v. St. Clair, supra; United Fuel Gas Co. v. Morley Oil & Gas Co.*, 102 W.Va. 374, 376, 135 S.E. 399, 399 (1926).

"The fundamental rule in construing covenants and restrictive agreements is that the intention of the parties governs. That intention is gathered from the entire instrument by which the restriction is created, the surrounding circumstances and the objects which the covenant is designed to accomplish." *Wallace v. St. Clair*, 147 W.Va. 377, 390, 127 S.E.2d 742, 751 (1962).

A covenant similar to the one before us in the present case was upheld and enforced by this Court in *Robinson v. Edgell*, 57 W.Va. 157, 49 S.E. 1027 (1905). In *Robinson*, the restrictive covenant provided: "This writing prohibits the sale of intoxicating liquors in any manner whatever on the premises hereby conveyed, ..." 57 W.Va. at 158, 49 S.E. at 1027. The Court determined that the above restriction was reasonable in nature and scope and further recognized that the grantee took the property with full knowledge of the stipulation in the deed prohibiting the use of alcohol.

With respect to the construction of restrictive covenants, words should be given their ordinary and popular meaning,

---

1. Because we have determined that both the Allemongs and Howards possess the requisite standing to bring this appeal, we need not address the issue of Ronald and Eileen Reeder's standing in light of the fact that they no longer own property in the neighborhood of the parcel in question.

unless they have acquired some peculiar significance. *United Fuel Gas Co. v. Morley Oil & Gas Co.*, 102 W.Va. 374, 376, 135 S.E. 399, 399 (1926). In the case before us, we conclude that the language of the grantor in the restrictive covenant is unambiguous. The record conclusively establishes that the grantor's objective in inserting the restrictive covenant in the deed was to protect and preserve the quality of the neighborhood. We are of the opinion that he intended the phrase "alcoholic beverages" to encompass the beer sold by the appellants in their convenience store. Furthermore, the appellants purchased the protected parcel with full notice of the restrictive covenant because it was contained in the deed conveying the property.

Even though we are of the opinion that the language contained in the restrictive covenant is unambiguous, a remaining ancillary issue is whether there has been a radical change or changes in the neighborhood to which the restrictive covenant applies which would effectively destroy the objectives of the covenant and thus render it unenforceable.

■ This Court has recognized the commonly accepted legal proposition that changes in a neighborhood's character can nullify restrictive covenants affecting property within the neighborhood. *See, e.g., Morris v. Nease*, 160 W.Va. 774, 775–76, 238 S.E.2d 844, 846 (1977); *Wallace v. St. Clair*, 147 W.Va. 377, 397, 127 S.E.2d 742, 755 (1962). In *Wallace v. St. Clair, supra,* this Court determined that "[c]hanged conditions of the neighborhood will not be sufficient to defeat the right [to enforce restrictive covenants] unless the changes are 'so radical as practically to destroy the essential objects and purposes of the agreement.'" 147 W.Va. at 399, 127 S.E.2d at 757.

In *Morris v. Nease, supra,* we concluded that a neighborhood's changes had not been so radical as to nullify the provisions of a restrictive covenant which would have prohibited the operation of a chiropractic clinic in the immediate area. Specifically, in syllabus point 1 of *Morris,* we held that "[v]alid restrictive covenants applying to a residential neighborhood cannot be nullified by changes in the neighborhood's character unless the changes are so radical as effectively to destroy the essential objects and purposes of the neighborhood's original plan of development."

■ The evidence in the case before us demonstrates that there are numerous commercial establishments operating as sales outlets for beer within a three-mile vicinity of the appellants' convenience store, with at least two of the outlets being as close as one-fourth of a mile from the appellants' market. However, the area immediately surrounding the restricted parcel is predominantly residential and agricultural. We do not agree with the appellant that these commercial properties in the general vicinity of the restricted parcel significantly change the residential character of the immediate area. Even if we were to accept the appellant's contention, "every effort must be exerted to protect the unchanged portions of residential neighborhoods when businesses begin to encroach on the fringes." *Morris v. Nease,* 160 W.Va. at 777, 238 S.E.2d at 847.

Based on the evidence, we believe that the nonresidential use of the property in the vicinity of the appellants' convenience store have not destroyed the essential objects and purposes of the restrictive covenant. We further believe that the benefits of the original plan envisioned by the grantor may be realized for that portion of the neighborhood which remains primarily residential and agricultural.

A restrictive covenant which provides "that no alcoholic beverages shall be sold on said premises, and this covenant shall run with the land" is valid. Where the grantor included the covenant in all subsequent deeds conveying a particular parcel of property with the intention to preserve and protect the quality of the neighborhood, a trial court may grant injunctive relief against a grantee who took the property with full notice of the restrictive covenant, provided that changes in the neighborhood's character are not so radical as to destroy the essential objects and purposes

of the neighborhood's original plan of development.[2]

For the foregoing reasons, the judgment of the Circuit Court of Morgan County is affirmed.

Affirmed.

**2.** The appellant's assertion that the restrictive covenant in the case before us constitutes an unlawful restraint of trade is without merit. *See Robinson v. Edgell,* 57 W.Va. 157, 165, 49 S.E. 1027, 1030 (1905). The covenant in the case before us restricts the sale of only one type of item—alcoholic beverages. *See, e.g., Oliver v. Hewitt,* 191 Va. 163, 60 S.E.2d 1 (1950) (no restraint of trade where restrictive covenant prohibited sale of groceries or soft drinks on the premises). The record is insufficiently developed with regard to this contention.