375 S.E.2d 417

EAGLE MANUFACTURING CO.

v.

ASHLAND OIL, INC.

v.

FUTURE FABRICATING.

ASHLAND OIL, INC.

v.

SENTRY INSURANCE CO., et al.

No. 17907.

Supreme Court of Appeals of
West Virginia.

Decided Nov. 17, 1988.

John W. Cooper, Parsons, for Eagle Mfg. Co.

Paul T. Tucker, Bachmann, Hess, Bachmann & Garden, Wheeling, for Ashland Oil.

James W. Wilson, Clarksburg, for Sentry Ins.

Jerry Barnhart, Anderson, for Future Fabricating & Eng. Co.

Katherine A. Schultz, Wheeling, for Maryland Cas.

PER CURIAM:

This is an appeal by Eagle Manufacturing Company and Ashland Oil, Inc. from a summary judgment order entered by the Circuit Court of Brooke County in two related contract cases. The principal issue is whether Sentry Insurance Company was liable to the appellants for contractual liability of a subcontractor. The circuit court concluded that Sentry did not provide coverage for the loss which the appellants claim. The appellants claim that there were questions of material fact as to whether the policy provided coverage and that, under the circumstances, summary judgment was improper. After reviewing the record, this Court agrees and reverses the decision of the Circuit Court of Brooke County.

In 1978 Ashland Oil, Inc. contracted to supply Eagle Manufacturing Company with acid-bath equipment needed by Eagle to manufacture beer kegs. Ashland Oil, to fulfill its obligation with Eagle, entered into a subcontract with Future Fabricating and Engineering Company under which Future Fabricating agreed to fabricate the acid-bath equipment.

At the time of entering into the subcontract with Ashland Oil, Future Fabricating and Engineering Company had a comprehensive general liability insurance policy with Sentry Insurance Company. The policy covered the period August 29, 1977, to August 29, 1980, and its effective date was August 29, 1977. The policy documents are somewhat confusing as to whether the policy covered contractual liability. A document dated August 29, 1977, called an "amended declarations endorsement", suggests that the policy covered contractual liability. In an apparently updated "declarations" page to the policy, there is an "x" placed in a box opposite the words "contractual liability endorsement". In another undated document entitled "added declarations", there is an "x" placed next to the typewritten words "contractual liability endorsement". The policy also contains a "contractual liability endorsement" statement, which indicates that the policy covered "all purchase order agreements, except incidental contracts, executed on or after 8/29/77 by the named insured in connection with his operation in manufacturing various types of tanks." There is, however, also included in the policy an "amended declarations endorsement", dated the same day Sentry issued the policy, which indicates that the contractual liability endorsement "is hereby deleted."

Future Fabricating and Engineering delivered the acid bath equipment on March 12, 1979, and assembled it on May 30, 1979. Future warranted to Ashland that the system would operate efficiently in the manner expressed in its proposal to Ashland and that the workmanship would conform to the best standards in the field.

The system, after it was placed in operation, did not work properly, and in June, 1980, Eagle Manufacturing Company filed a complaint against Ashland Oil, Inc. which alleged that Ashland Oil had warranted to deliver a functional and completed system, that the system which was delivered was defective, and that Ashland had breached its warranties.

After receiving the complaint, Ashland Oil filed a third-party complaint against Future Fabricating and Engineering. It, also, later filed a third-party complaint against Sentry Insurance Company, Future Fabricating and Engineering's insurer. In the complaint against Sentry Insurance Company, Ashland alleged that Future Fabricating and Engineering's policies with Sentry provided coverage for the claims initially made by Eagle Manufacturing Company and that consequently it was entitled to judgment against Sentry Insurance Company for the claims growing out of its contract with Future Fabricating and Engineering Company.

After limited discovery, which consisted of one set of requests for admissions, one set of interrogatories, and requests for production of documents, Sentry moved for summary judgment. Essentially, Sentry took the position that its policy of insurance did not cover the loss sustained by Ashland occasioned by Future Fabricating and Engineering Company's failure to perform its contract with Ashland in the proper manner.

After taking the matters under consideration, the Circuit Court of Brooke County, on May 5, 1986, granted Sentry Insurance Company's motion for summary judgment. The court, in granting the motion, stated:

> This motion is based upon the entire record in this action which clearly demonstrates that the policy of insurance issued to Future Fabricating and Insurance Co., Inc. by Sentry Insurance Company for the period August 29, 1977 to August 29, 1980, did not provide coverage for the loss described in any of the pleadings filed in this action.

It is from that ruling that Ashland Oil now appeals.

In syllabus point 3 of *Aetna Casualty & Surety Co. v. Federal Insurance Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963), this Court stated:

> A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of law.

See Lowery v. Raptis, 174 W.Va. 736, 329 S.E.2d 102 (1985); Karnell v. Nutting, 166 W.Va. 269, 273 S.E.2d 93 (1980); Consolidated Gas Supply Corp. v. Riley, 161 W.Va. 782, 247 S.E.2d 712 (1978); Anderson v. Turner, 155 W.Va. 283, 184 S.E.2d 304 (1971).

As previously indicated, Sentry Insurance Company issued four documents indicating that Future Fabricating and Engineering Company had the benefit of a contractual liability endorsement. It, however, issued an additional document, dated the same day as it issued the policy, indicating that the contractual liability endorsement was eliminated.

It appears to this Court that the documents issued create a patent ambiguity and raise the question as to whether or not the contractual liability endorsement was in effect at the time Ashland Oil's claim arose against Future Fabricating and Engineering Company. As indicated previously, the law in this State is that summary judgment should be granted only when it is clear that there is no genuine issue of fact and inquiry concerning the facts is not desirable to clarify the application of the law.

Given the confused state of the record, particularly the documents relating to the insurance policy, this Court believes that the trial court committed error in granting summary judgment. Further development of the facts should have been allowed to clarify the question of whether a contractual liability endorsement was in effect at the time Ashland Oil's claim arose.

The judgment of the Circuit Court of Brooke County is, therefore, reversed, and this case is remanded for further development of the question of whether there was a contractual liability endorsement in effect at the times relevant to this case.

REVERSED AND REMANDED.