F. K. Rippetoe, Et Al.

*v.*

Morris H. O'Dell, Et Al.

(No. 14451)

Decided April 3, 1981.

*Daugherty & Tantlinger, William A. Tantlinger & George A. Daugherty,* for appellants.

*Preiser & Wilson, Gerald R. Lacy & L. Alvin Hunt,* for appellees.

Per Curiam:

The appellants, F.K. Rippetoe and Marjorie H. Rippetoe, instituted suit in the Circuit Court of Kanawha County

seeking, among other things, an injunction requiring the removal of a gas line providing service to the dwelling of the appellees, Morris H. O'Dell and Betty L. O'Dell. The circuit court denied the injunctive relief sought by the appellants.

The parties to this dispute own property located in Charleston, West Virginia. The appellants are the owners of a house and lot situated on the south side of a roadway called Barnes Place. The appellees own a house and lot situated on the north side of this roadway. Both properties benefit from the reservation of a right of way over Barnes Place for private driveway purposes, for the purpose of ingress and egress. All persons whose property abuts on that driveway were granted the right to use the driveway for ingress and egress in common with the grantors.

In addition to this easement, the prior owners of the tract from which these lots were conveyed created "an easement for water and gas lines . . . .", five feet wide lying along the eastern boundary of the lot now owned by appellants, which easement was intended to benefit "[the] property on the northerly side of said private drive or Street."

The appellees now hold title to the property on the northerly side of the private drive.

The appellees acquired their lot in 1955. During the construction of their dwelling, gas and water lines were laid in the five-foot easement to the southern edge of Barnes Place. The lines for gas and water were then laid underneath Barnes Place at a location and in a direction not clearly described in the record of this case, and having crossed Barnes Place to the northern side were laid thence to the appellees' dwelling.

In the winter of 1977, the gas line serving the appellees' residence ruptured. It was determined that the rupture was located beneath the appellees' concrete driveway. The new gas line was not laid across Barnes Place in the same location as the old line. Instead, the new line connected to the existing line at the northern terminus of the five-foot easement, and was buried in the right of way of the private drive for 38 feet. The line then made a 90 degree turn to the north and crossed underneath the road to appellees'

property on the northern side. By placing the gas line in this manner the appellees were able to avoid excavating their concrete driveway to repair the old gas line.

As the work of the laying of the new gas line commenced, the appellants protested to the appellees, but the parties were unable to agree, and despite appellants' protests the gas line was buried beneath the roadway. The appellants then filed suit in the Circuit Court of Kanawha County. They prayed for an injunction requiring the appellees to remove the new gas line from underneath the roadway and prohibiting them from any use of the road other than for ingress and egress. In the alternative, they asked that if the court found the appellees had a legal right to use the road for the placement of their utility lines, that the court order the appellees to install all their utility service lines underneath the road, abandon the utility lines in the five-foot easement, and convey any rights they might have in that easement to the appellants. They also sought damages and costs.

The appellants did not allege and the evidence does not show that the relocated gas line now lying underneath Barnes Place constitutes any impediment or obstruction to the appellants' right of ingress and egress. While the appellants have standing to seek an injunction prohibiting interference with their right of ingress or egress, *State Road Commission v. Oaks*, 150 W.Va. 709, 149 S.E.2d 293 (1966); *Moundsville Water Company v. Moundsville Sand Company*, 124 W.Va. 118, 19 S.E.2d 217 (1943), they are not entitled to an injunction requiring the removal of the relocated and buried gas line if it does not presently cause any interference with this right of ingress and egress.

> "An owner of a servient estate may legally grant successive easements for purposes of travel in and over a certain road or way in favor of various property owners having need for such travel easements, to be used jointly by them; and a person having such an easement right may not be permitted to object to any use of or change in the character of such road or way by the owner of the servient estate or by any other owner of such an

easement right or way so long as the rights of the one complaining are not thereby impaired or interfered with in an undue or unreasonable manner or degree." Syl. p. 6, *Saunders v. Roselawn Memorial Gardens,* 152 W.Va. 91, 159 S.E.2d 784 (1968).

Here, the appellants have a right of ingress and egress over Barnes Place, and it is that right only that they may seek to protect. There is absolutely no evidence that at the time suit was brought the buried gas line constituted any impairment of or interference with the appellants' right of ingress and egress. Accordingly, the circuit court was correct in denying an injunction for removal of the new gas line. An injunction should have been sought contemporaneously with any obstruction of or interference with the appellants' right of ingress and egress caused by the construction attendant to the laying of the new gas line. That time, however, has passed, and no obstruction now exists. The only question remaining is whether and in what amount the appellants' right of ingress and egress was damaged during the construction.

The appellants complain that by relocating the gas line as they did, the appellees violated the terms of their easement for ingress and egress. The complaint that the dominant estate of an easement is exceeding the terms of the easement and creating an uncontemplated burden upon the servient estate is a complaint properly asserted by the owner of the servient estate. *See, Chafin v. Coal & Coke Co.,* 109 W.Va. 453, 156 S.E. 47 (1930). The record of this case does not disclose the present fee owner of the roadway, but it is only that fee owner who has standing to raise an objection to the alleged violation by the appellees of the terms of their easement.

The appellants also assert the proposition that because Barnes Place is privately dedicated to the abutting property owners for the purpose of ingress and egress, they own the road as tenants in common and, therefore, may challenge the appellees' use of the road. In support of this proposition they cite *MacCorkle v. The City of Charleston,* 105 W.Va. 395, 142 S.E. 841 (1928) and *Ailes v. Hallam,* 69

W.Va. 305, 71 S.E. 273 (1911). These cases stand for the proposition that a conveyance of land bounded by a way carries with it, as part of the grant, by inference of law, the fee to the center of the way, unless the inference is excluded by express declaration or something equivalent thereto. Upon the facts of the instant case and upon the clear language of the conveyances in question, this inference of law is excluded by the express language conveying only the right to use the roadway for purposes of ingress and egress.

As alternative relief the appellants asked that if the appellees had a legal right to relocate their gas line underneath the roadway then they should be ordered to install all of the utilities underneath the roadway and to convey to the appellants their rights in the utility easement bordering the eastern edge of the appellants' property. Because the disposition of this case is controlled by the absence of any legal right of the appellants to challenge the appellees' actions, and not by the nature of the appellees' rights, the circuit court committed no reversible error when it denied this relief.

The appellants also assert that the appellees possessed a single implied easement five feet in width across Barnes Place, said easement being for the purpose of connecting their gas and water lines to the five-foot granted easement on the eastern boundary of the appellants' property, and that when the appellees laid their original gas and water lines they fixed the location of that easement and could not twenty years later abandon it and unilaterally choose another location. As the foregoing indicates, these are matters which the appellants have no standing to assert and which may be properly raised only by the fee owner of Barnes Place.

When the trial court denied the injunctive relief sought by the appellants, it left for future consideration the appellants' prayer for damages. The case is, therefore, remanded for determination of whether the construction attendant to the location of the new gas line caused the obstruction of or interference with the appellants' right of ingress or egress over Barnes Place, and a further

determination, if necessary, of the amount of damages to which the appellants are entitled.

For the foregoing reasons the final judgment appealed from is affirmed, but the case is remanded for further proceedings regarding the appellants' prayer for damages, which matter has not heretofore been the subject of a final judgment.

*Affirmed in part;*
*and remanded.*