466 S.E.2d 820

**G CORP, INC., a West Virginia Corporation, and 905, Inc., a West Virginia Corporation, Plaintiffs Below, Appellees,**

**v.**

**MACKJO, INC., a West Virginia Corporation; and Herman Fletcher, an Individual, Defendants Below, Appellants.**

No. 22840.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 20, 1995.

Decided Dec. 13, 1995.

Arthur T. Ciccarello, Ciccarello, DelGuidice & LaFon, Charleston, for Appellant, MackJo, Inc.

Gerard R. Stowers, Fazal A. Shere, Elizabeth B. Elmore, Bowles, Rice, McDavid, Graff & Love, Charleston, for Appellant, Herman Fletcher.

G. Nicholas Casey, Jr., Webster J. Arceneaux, III, Brian R. Hopkins, David W. John-

754

son, Lewis, Friedberg, Glasser, Casey & Rollins, Charleston, for Appellees.

PER CURIAM:

This action is before this Court upon an appeal from the final order of the Circuit Court of Kanawha County, West Virginia, entered on October 4, 1994. This action concerns an easement conveyed by appellant, MackJo, Inc., to appellant, Herman Fletcher. The appellees, G Corp, Inc., and 905, Inc., contend that the easement conveyed to Fletcher violates a protective covenant previously executed by MackJo, Inc., for the benefit of the appellees.

This Court has before it all matters of record and the briefs and argument of counsel. For the reasons expressed below, this Court is of the opinion that the easement conveyed to Fletcher did not violate the protective covenant. We, therefore, reverse the final order of the circuit court and remand this action for further proceedings.

I

MackJo, Inc., is an owner and developer of various tracts of real property located along U.S. Route 119, also known as Corridor G, in Kanawha County, West Virginia. Included within that property is a tract known as Childress Place, a light industrial park developed by MackJo, Inc., for commercial enterprises, including manufacturing, warehousing and distribution businesses. In furtherance of the commercial purpose of Childress Place, MackJo, Inc., in March 1990, executed a Declaration of Protective Covenants and Restrictions. The Declaration contains eight articles, most of which concern the creation and responsibilities of an association of business owners within the park. Generally, the association is responsible for the maintenance and preservation of common areas in the park and for the collection of assessments for that purpose.

On March 27, 1990, MackJo, Inc., conveyed 11.28 acres within Childress Place to G Corp, Inc., and also conveyed to G Corp, Inc., "a non-exclusive 40 foot easement or right-of-way" leading from Corridor G to the 11.28 acres. The deed provided that the conveyance was subject to the Declaration of Pro-

tective Covenants. The consideration for the transfer was $220,000, and Dennis R. Vaughan, president of G Corp, Inc., contends that G Corp, Inc., was induced by the Declaration to make the purchase. Thereafter, G Corp, Inc., leased to 905, Inc., which operates a beer distributorship upon the property.

Article IV of the above Declaration of Protective Covenants is entitled "Property Rights," and pursuant to section 4.02 thereof, MackJo, Inc., reserved "unto itself, its successors and assigns, including any future owners, the right to use the streets." Moreover, article VII of the Declaration is entitled "Easements," and section 7.02 thereof states:

> In addition to the rights reserved by Declarant [MackJo, Inc.] in Section 4.02 of this document, Declarant reserves unto itself, its successors and assigns, the right of ingress, egress and regress upon, over and across the streets and roads comprising Childress Place to adjacent and neighboring tracts of land now owned by Declarant, including, but not limited to, the tracts from which Childress Place was derived. It is contemplated that Declarant will develop tracts adjacent and neighboring to Childress Place and, most likely, will utilize the entrance, roads and streets of Childress Place in such development and use thereof. Should Declarant, or its successor or assigns, or any third party outside the Association, utilize or be given the right to utilize the streets and roads of Childress Place for ingress, egress or regress to adjacent and neighboring properties, then they will be required to bear the reasonable and respective cost for maintenance of same.

Furthermore, article VI of the Declaration is entitled "Covenants and Restrictions." Section 6.01 of that article provides: "The following covenants, restrictions, limitations, regulations and agreements are hereby imposed on lots in Childress Place, ... [n]o part of the Industrial Park shall be used for residential purposes."

Subsequent to the purchase by G Corp, Inc., MackJo, Inc., in November 1992, conveyed to Herman Fletcher a "non-exclusive right-of-way and easement, 40 feet in width,"

leading from Corridor G to various tracts of real property owned by Fletcher. The record indicates that Herman Fletcher intends to develop his property into a residential subdivision known as Southridge Estates. Importantly, Childress Place is located between Corridor G and the Fletcher property, and the easement conveyed to Fletcher runs with the access road or easement previously conveyed to G Corp.[1] The record indicates that, although Fletcher has engaged in considerable site development work concerning the proposed Southridge Estates, little or no active residential development has taken place, and, in fact, Fletcher may even abandon the Southridge Estates project. The deed granting the easement to Fletcher states that, if Fletcher uses any lots for "light industrial purposes," then covenants and restrictions comparable to those set forth in the Declaration pertaining to Childress Place shall apply.

In May 1994, G Corp, Inc., and 905, Inc., filed a complaint for declaratory and injunctive relief in the Circuit Court of Kanawha County. The complaint set forth various provisions of the Declaration of Protective Covenants and Restrictions executed by MackJo, Inc., and asked the circuit court to grant an injunction prohibiting MackJo, Inc., and Herman Fletcher from using the access road to reach the Fletcher property. In addition to suggesting a breach of the Declaration, the complaint alleged that the actions of MackJo, Inc., and Herman Fletcher overburdened the right-of-way and resulted in an economic loss to G Corp, Inc., and 905, Inc., and was a safety hazard. Filing answers generally denying the allegations of the complaint, MackJo, Inc., and Fletcher asserted counterclaims seeking a declaration that their actions were proper.

The exhibits, testimony and other matters of evidence submitted to the circuit court by the parties are voluminous. The circuit court conducted a hearing in September 1994 and entered its final order on October 4, 1994. Pursuant to that order, the circuit court granted an injunction prohibiting MackJo, Inc., and Fletcher from using any part of the Childress Place Industrial Park for ingress or egress to the proposed Southridge Estates. The ruling of the circuit court was based entirely upon the provision of the Declaration which states that "[n]o part of the Industrial Park shall be used for residential purposes." This appeal followed.

## II

In this appeal MackJo, Inc., and Herman Fletcher contend that the easement conveyed to Fletcher for the development of Southridge Estates did not violate the Declaration pertaining to Childress Place. Moreover, MackJo, Inc., and Fletcher contend that there is no practical alternative road to the Fletcher property and that, if the injunction is upheld, Fletcher may lose the value of approximately $1,000,000 in improvements to his property. In addition, MackJo, Inc., and Fletcher assert that the remedy of damages is available to G Corp, Inc., and 905, Inc., if necessary, and, therefore, an injunction was not justified.

On the other hand, G Corp, Inc. and 905, Inc., contend that the "no residential purposes" provision of the Declaration is clear and that, but for that protective covenant, they would not have located their business in Childress Place. Moreover, G Corp, Inc., and 905, Inc. contend that Fletcher can, in fact, develop an alternative road to the

---

1. As stated in the petition for appeal, the access road, which includes the successive easements of G Corp, Inc., and Herman Fletcher, runs through the Childress Place industrial park but does not cross G Corp's property within the park. In fact, the property upon which the access road is located is presently owned by MackJo. *See* Map appended to this opinion indicating the respective locations of Childress Place, the access road, G Corp's property and the proposed Southridge Estates.

Specifically, when the access road was completed, G Corp, Inc., reserved its easement and conveyed its interest in the property upon which the access road was constructed to MackJo. According to G Corp, Inc., and 905, Inc., that transaction resulted in MackJo, Inc., acquiring a strip of land subject to the restrictions contained in the Declaration. There is no question, however, that a portion of the access road runs through Childress Place, which puts the Declaration in issue. In any event, the Declaration must be read in its entirety to determine the intent underlying its execution.

Fletcher property and that the successive easements over the access road in question have resulted in an economic loss to G Corp, Inc., and 905, Inc. and a safety hazard. Furthermore, G Corp, Inc., and 905, Inc., contend that, inasmuch as the problems concerning the successive easements are continuing in nature, the remedy of damages is not a viable alternative to an injunction.

 In *Phillips v. Fox*, 193 W.Va. 657, 458 S.E.2d 327 (1995), this Court articulated a general standard of review concerning the findings and conclusions of a circuit court. As we stated in *Phillips:* "We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review." 193 W.Va. at 661, 458 S.E.2d at 331. That statement comports with this Court's earlier pronouncements concerning injunction cases, particularly in terms of "abuse of discretion." Syllabus point 6 of *Board of Dental Examiners v. Storch*, 146 W.Va. 662, 122 S.E.2d 295 (1961), holds: "The denial or granting of an injunction by a trial court is discretionary and will not be disturbed upon an appeal unless there is an absolute right for an injunction or some abuses shown in connection with the denial or granting thereof." Similarly, as this Court stated in syllabus point 11 of *Stuart v. Lake Washington Realty*, 141 W.Va. 627, 92 S.E.2d 891 (1956):

> Unless an absolute right to injunctive relief is conferred by statute, the power to grant or refuse or to modify, continue, or dissolve a temporary or a permanent injunction, whether preventive or mandatory in character, ordinarily rests in the sound discretion of the trial court, according to the facts and the circumstances of the particular case; and its action in the exercise of its discretion will not be disturbed on appeal in the absence of a clear showing of an abuse of such discretion.

*See also Mahoney v. Walter,* 157 W.Va. 882, 888, 205 S.E.2d 692, 697 (1974).

 In this action, G Corp, Inc., and Herman Fletcher are the owners of successive easements over the access road from Corri-

dor G. This Court discussed successive easements in *Sanders v. Roselawn Memorial Gardens,* 152 W.Va. 91, 159 S.E.2d 784 (1968). In *Sanders*, the owner of a residence and a corporation operating a cemetery each owned a thirty-foot easement or right-of-way over a road between their respective properties. Acting with the consent of the owner of the servient estate, a third party, the corporation engaged in work to widen the road and make other improvements. This Court, in *Sanders*, upheld a determination by the trial court that the work upon the road did not unduly interfere with the easement of the owner of the residence. Syllabus point 6 of *Sanders* states:

> An owner of a servient estate may legally grant successive easements for purposes of travel in and over a certain road or way in favor of various property owners having need for such travel easements, to be used jointly by them; and a person having such an easement right may not be permitted to object to any use of or change in the character of such road or way by the owner of the servient estate or by any other owner of such an easement right or way so long as the rights of the one complaining are not thereby impaired or interfered with in an undue or unreasonable manner or degree.

The above syllabus point of *Sanders* was relied upon by this Court in *Rippetoe v. O'Dell,* 166 W.Va. 639, 276 S.E.2d 793 (1981). *Rippetoe* involved a dispute between the owners of successive easements wherein the appellants sought an injunction for the removal of a gas line from underneath a common road. This Court held that the trial court correctly denied the injunction for the removal. In *Rippetoe*, we observed that there was "no evidence that at the time suit was brought the buried gas line constituted any impairment of or interference with the appellants' right of ingress and egress." 166 W.Va. at 642, 276 S.E.2d at 796.

 Here, MackJo, Inc., clearly had an initial right to grant successive easements to G Corp, Inc., and Herman Fletcher, especially for the reason that the access road, including that portion of the road running through

Childress Place, is located upon property currently owned by MackJo, Inc. *See* n. 1, *supra.* However, inasmuch as the access road runs through Childress Place, the Declaration of Protective Covenants must be considered.[2] As this Court held in syllabus point 2 of *Allemong v. Frendzel,* 178 W.Va. 601, 363 S.E.2d 487 (1987): " 'The fundamental rule in construing covenants and restrictive agreements is that the intention of the parties governs. That intention is gathered from the entire instrument by which the restriction is created, the surrounding circumstances and the objects which the covenant is designed to accomplish.' *Wallace v. St. Clair,* 147 W.Va. 377, 390, 127 S.E.2d 742, 751 (1962)." *See also,* syl. pt. 1, *Armstrong v. Stribling,* 192 W.Va. 280, 452 S.E.2d 83 (1994); syllabus, *Teays Farms Owners Association v. Cottrill,* 188 W.Va. 555, 425 S.E.2d 231 (1992); syl. pt. 1, *McIntyre v. Zara,* 183 W.Va. 202, 394 S.E.2d 897 (1990). Moreover, we recently confirmed in syllabus point 1 of *Akers v. Department of Tax and Revenue,* 194 W.Va. 456, 460 S.E.2d 702 (1995), that " '[a] valid written instrument which expresses the intent of the parties in plain and unambiguous language is not subject to judicial construction or interpretation but will be applied and enforced according to such intent.' Syllabus Point 1, *Cotiga Development Co. v. United Fuel Gas Co.,* 147 W.Va. 484, 128 S.E.2d 626 (1962)."

In this action, the ruling of the circuit court was based entirely upon the provision of the Declaration which states that "[n]o part of the Industrial Park shall be used for residential purposes." As indicated above, however, that provision of the Declaration falls within article VI of the Declaration which is prefaced by the admonishment that "[t]he following covenants, restrictions, limitations, regulations and agreements are hereby *imposed on lots* in Childress Place [.]" (emphasis added) That article of the Declaration is in contrast to article IV which is entitled "Property Rights" and which pro-

vides that MackJo, Inc., reserves unto itself "the right to use the streets." The Declaration further provides in article VII that "in addition" to the right of MackJo, Inc., to use the streets within Childress Place, MackJo, Inc., reserves the right of "ingress, egress and regress upon, over and across the streets and roads comprising Childress Place [.]" The latter provision of the Declaration states that it is contemplated that MackJo, Inc., "will develop tracts adjacent and neighboring to Childress Place and, most likely, will utilize the entrance, roads and streets of Childress Place in such development and use thereof."

In view of the intent of MackJo, Inc., to develop its property beyond the Childress Place Industrial Park, as evidenced by the Declaration, the petition for appeal correctly suggests that it is somewhat implausible that the subsequent easement granted to Fletcher was prohibited by a protective covenant. This Court is of the opinion that MackJo, Inc., and Herman Fletcher are correct in their assertion that the circuit court recognized the Declaration's protective covenants but not the rights reserved by MackJo, Inc. Therefore, the conclusion of the circuit court that the Declaration prohibits MackJo, Inc., and Fletcher from using any part of the Childress Place Industrial Park for ingress or egress to the proposed Southridge Estates constituted an abuse of discretion and is reversed.

▮ Nevertheless, although the ruling of the circuit court was entirely based upon the Declaration of Protective Covenants, the complaint of G Corp, Inc., and 905, Inc., additionally alleged a cause of action for impairment or interference with regard to their easement. *See* syl. pt. 6 of *Sanders, supra.* Specifically, as indicated above, in addition to suggesting a breach of the Declaration, the complaint alleged that the actions of MackJo, Inc., and Herman Fletcher overburdened the

---

2. As stated in the brief filed in this appeal by G Corp, Inc., and 905, Inc.:

> True—both the existing access road and the proposed extension are located on property presently owned by Mackjo—however, both

pieces of property are also located in the Childress Place Industrial Park, and are thus, subject to the Covenants and Restrictions of record in the Offices of the Clerk of the Kanawha County Commission.

right-of-way and resulted in an economic loss to G Corp, Inc., and 905, Inc., and a safety hazard. Included in that cause of action is the question of whether Fletcher can develop an alternative road to his property. The circuit court received evidence as to that cause of action but made no final ruling thereon in the final order. That aspect of the case is, therefore, not before us. In syllabus point 2 of *Sands v. Security Trust,* 143 W.Va. 522, 102 S.E.2d 733 (1958), this Court held: "This Court will not pass on a nonjurisdictional question which has not been decided by the trial court in the first instance." *See also* syl. pt. 4, *State ex rel. State Line Sparkler v. Teach,* 187 W.Va. 271, 418 S.E.2d 585 (1992). Other issues, beyond the question of the Declaration, thus remain and need to be addressed by the circuit court.

In summary, the final order of the Circuit Court of Kanawha County, holding that the Declaration of Protective Covenants prohibits MackJo, Inc., and Herman Fletcher from using any part of the Childress Place Industrial Park for ingress or egress to the proposed Southridge Estates is reversed. However, this case is remanded to the circuit court for proceedings concerning the cause of action alleged by G Corp, Inc., and 905, Inc., for impairment or interference with regard to their easement over the access road from Corridor G.

Reversed and remanded.

ALBRIGHT, J., did not participate.

MILLER, Retired Justice, sitting by temporary assignment.

## APPENDIX