# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Pancakes, Biscuits and More, LLC,**
**Defendant Below, Petitioner**

**FILED**

October 16, 2015

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs)  No. 14-1263** (Pendleton County 13-C-31)

**The Pendleton County Commission,**
**Plaintiff Below, Respondent**

## MEMORANDUM DECISION

Petitioner Pancakes, Biscuits, and More, LLC, by counsel Floyd M. Sayre, appeals the November 7, 2014, order of the Circuit Court of Pendleton County, that granted a permanent injunction to respondent, the Pendleton County Commission ("Count Commission). Respondent, by counsel Kevin C. Sponaugle, filed a response.  Petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On April 19, 2005, the County Commission, enacted an ordinance that regulated the location of businesses offering exotic entertainment ("ordinance"). The ordinance was enacted pursuant to West Virginia Code § 7-1-3jj[1], which authorized county commissions to adopt an ordinance that limits the areas of a county in which a business may offer exotic entertainment.

---

[1] At the time of the enactment of the ordinance West Virginia Code § 7-1-3jj stated, in relevant part,

> (1) "Exotic entertainment" means live entertainment, dancing or other services conducted by persons while nude or seminude in a commercial setting or for profit.
> . . .

> (b) In the event a county has not created or designated a planning commission pursuant to the provisions of article twenty-four chapter eight of this code, a county commission may, by order entered of record, adopt an ordinance that limits the areas of the county in which a business may offer "exotic entertainment" as that term is defined in subsection (a) of this section.

1

Pendleton County did not have a planning commission when the ordinance was enacted.

Prior to its passage of the ordinance, the draft ordinance was read during a public meeting of the County Commission on April 5, 2005. On April 10, 2005, a public hearing was held to receive public comment. Notice of this public hearing was published in the Pendleton Times, which the County Commission asserts is Pendleton County's only local newspaper. At an April 19, 2005, public meeting of the County Commission the ordinance was read a second time. Following the second reading, the ordinance was unanimously adopted by the County Commission.

The ordinance restricted the location of exotic entertainment businesses as follows:

> Businesses offering Exotic Entertainment shall be permitted in any unincorporated area of Pendleton County provided that such business offering Exotic Entertainment may not be operated within 2500 feet of 1) a church, synagogue or regular place of religious worship; 2) a public or private elementary or secondary school; 3) a public park; 4) a licensed day care center; 5) a residence – includes, but is not limited to a dwelling house, mobile home, apartment building or other structure used as a residence, or within 2000 feet of 6) another business offering exotic entertainment or other sexually oriented business; 7) a private club or bar serving alcoholic beverages.

On July 25, 2013, petitioner Pancakes, Biscuits, and More LLC opened an establishment known as Golden Angels Cabaret at 12590 Blue Gray Trail, Brandywine, West Virginia. Golden Angels Cabaret is an establishment that offers "exotic entertainment" as defined under the ordinance. Petitioner did not apply for a permit to provide exotic entertainment, because, according to petitioner's brief, it admittedly could not meet the standards under the ordinance, which it refers to as "development standards." There are multiple residences, an apartment building, and other structures within 2,500 feet of the establishment.

On the same day, petitioner placed a sign in front of the business indicating that the Golden Angels cabaret would open on July 26, 2013, and was BYOB (bring your own bottle). On the same day, the president of the County Commission delivered a copy of the Pendleton County Exotic Entertainment Ordinance ("ordinance") to petitioner's agent. Petitioner delayed the opening of the business, but re-placed signage a few days later to say that they would open on August 1, 2013. On August 1, 2013, the County Commission filed a verified motion and complaint seeking a temporary restraining order, preliminary injunction, and permanent injunction against petitioner.

The circuit court issued a temporary restraining order on August 1, 2013. Afterward, on August 5, 2013, the circuit court issued a preliminary injunction, which enjoined petitioner from operating any business conducting nude dancing, semi-nude dancing, bikini clad dancing, or similar activities at Golden Angels Cabaret. On August 13, 2013, petitioner filed an action in the United States District Court for the Northern District of West Virginia challenging the ordinance. The Circuit Court of Pendleton County held a status hearing October 3, 2013, and ordered that the preliminary injunction would remain in place until the matter was fully adjudicated during a

permanent injunction hearing in circuit court. The circuit court also stayed proceedings until the federal matter was resolved. On January 24, 2014, the District Court granted summary judgment in favor of the County Commission and dismissed petitioner's complaint.

A subsequent hearing was held on September 24, 2014, in Pendleton County Circuit Court. At the hearing, the County Commission presented evidence regarding the enactment of the ordinance, as recited above, and the court heard evidence regarding the delivery of the ordinance to petitioner. Petitioner argued at the hearing that the ordinance adopted by the County Commission was not lawfully enacted as it did not comply with Chapter 8A of the West Virginia Code, and specifically, that the County Commission was required to comply with the notice requirements contained in West Virginia Code § 8A-7-5,[2] which sets forth notice requirements for zoning ordinances.[3]

---

[2] West Virginia Code § 7-1-3jj references article twenty-four, chapter eight of the Code. We note that West Virginia Code §§ 8-24-1 through 8-24-85 were repealed and recodified during the 2004 Regular Session of the West Virginia Legislature by adding a new chapter, West Virginia Code §§ 8A-1-1 through 8A-12-21. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

[3] West Virginia Code § 8A-7-5 provides the following:

(a) After the study and the report, and before the governing body enacts the proposed zoning ordinance, the governing body shall hold at least two public hearings and give public notice. At least one public hearing shall be held during the day and at least one public hearing shall be held during the evening.

(b) The public notice shall be published in a local newspaper of general circulation in the area affected by the proposed zoning ordinance, as a Class II legal advertisement in accordance with the provisions of article three [§§59-3-1 et seq.], chapter fifty-nine of this code, at least fourteen consecutive days prior to the public hearing. The public notice must contain the following:

(1) The date, time and place of the public hearings;
(2) That it is a public hearing on a proposed zoning ordinance;
(3) A brief summary of the principal provisions of the proposed zoning ordinance;
(4) A reference to the place where copies of the proposed zoning ordinance may be examined; and
(5) That written objections to the proposed zoning ordinance may be made and will be heard at the public hearings and must be filed with the clerk of the applicable governing body.

(c) Copies of the proposed zoning ordinance must be made available to the public, at least two weeks prior to the public hearings, at the office of the governing body and all public libraries in the area to be zoned.

(continued . . .)

The circuit court found that West Virginia Code § 7-1-3jj is clear and unambiguous, and authorized the County Commission to enact an Exotic Entertainment Ordinance; that the statute was silent as to notice requirements; and that the County Commission was not subject to the notice requirements contained in West Virginia Code § 8A-7-5, as these requirements are not expressly required by West Virginia Code § 7-1-3jj. Accordingly, the circuit court held that the ordinance was valid as to the location restrictions contained therein, and that petitioner was in direct violation of the ordinance, and granted the County Commission's motion for permanent injunction. Petitioner appeals the November 7, 2014, order granting the County Commission's Motion for Permanent Injunction.

Petitioner raises two assignments of error on appeal. Petitioner claims that the circuit court erred in finding that the ordinance was valid and enacted pursuant to West Virginia Code § 7-1-3jj, and that the circuit court erred by finding that the Pendleton County Commission substantially complied with West Virginia Code § 8A-7-5(b).

It is important to note that we review permanent injunctions under the following standard:

> 'Unless an absolute right to injunctive relief is conferred by statute, the power to grant or refuse or to modify, continue, or dissolve a temporary or a permanent injunction, whether preventive or mandatory in character, ordinarily rests in the sound discretion of the trial court, according to the facts and the circumstances of the particular case; and its action in the exercise of its discretion will not be disturbed on appeal in the absence of a clear showing of an abuse of such discretion.' Syl. pt. 11, *Stuart v. Lake Washington Realty,* 141 W.Va. 627, 92 S.E.2d 891 (1956)." Syl. Pt. 1, *G Corp, Inc. v. MackJo, Inc.,* 195 W.Va. 752, 466 S.E.2d 820 (1995).

Syl. Pt. 1, *Baisden v. W.Va. Secondary Sch. Activities Comm'n*, 211 W.Va. 725, 568 S.E.2d 32 (2002). However, to the extent this matter may be construed as presenting a question of statutory interpretation, the applicable standard of review is de novo. Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995) ("Where the issue on appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo*

---

(d) After the public hearings, if the governing body makes substantial amendments to the proposed zoning ordinance prior to voting on the zoning ordinance, the governing body shall hold another public hearing, after public notice. The public notice shall be as provided in subsections (b) and (c) of this section, and must contain a brief summary of the amendments.

(e) After the public hearings and any amendments, the governing body may enact the zoning ordinance or it may hold an election to have the qualified voters residing in the affected area approve the zoning ordinance.

standard of review.")

At issue in this case is whether the ordinance adopted by the County Commission on April 19, 2005, was lawfully enacted. Petitioner first argues that the circuit court erred in finding that the ordinance was valid and enacted pursuant to West Virginia Code § 7-1-3jj. Petitioner asserts that the ordinance is a "non-traditional zoning ordinance" as defined by West Virginia Code § 8A-1-2(t). Petitioner further argues that the ordinance contains "development standards" which require that the County Commission hold two public hearings and give notice of the ordinance pursuant to West Virginia Code § 8A-7-5. Petitioner also asserts that the County Commission did not comply with West Virginia Code § 8A-7-5, and therefore the ordinance is invalid.

It is clear that the County Commission had the authority to enact the ordinance pursuant to West Virginia Code § 7-1-3jj. The circuit court found, and we agree, that West Virginia Code § 7-1-3jj, expressly allows a county to enact an ordinance limiting the areas in which one can operate a business that provides "exotic entertainment", in the event that a County does not have a planning commission. West Virginia Code § 7-1-3jj states, in relevant part, "**[i]n the event a county has not created a planning commission**, . . . **a county commission may**, by order entered of record, **adopt an ordinance that limits the areas of the county in which a business may offer "exotic entertainment**." Further, "[w]hen a statute is clear and unambiguous and the legislative intent is plain, the statute should not be interpreted by the courts, and in such case it is the duty of the courts not to construe but to apply the statute." Syl. Pt. 5, *State v. Gen. Daniel Morgan Post No. 548, Veterans of Foreign Wars*, 144 W. Va. 137, 107 S.E.2d 353 (1959). It is undisputed that Pendleton County did not have a planning commission at the time of the enactment of the ordinance. Based upon the plan language of the statute, the County Commission properly relied upon West Virginia Code § 7-1-3jj in order to enact the ordinance, and the circuit court did not abuse its discretion in making this finding.

With respect to the notice requirements contained in West Virginia Code § 8A-7-5, which petitioner asserts were not followed, the circuit court found that West Virginia Code § 7-1-3jj is silent regarding any notice requirements that must be complied with prior to the enactment of the ordinance. The circuit court also found that the Commission was not subject to the notice requirements contained in West Virginia Code § 8A-7-5(b), inasmuch as the same was not expressly required by West Virginia Code § 7-1-3jj. We agree and find that the circuit court did not err in finding that West Virginia Code § 7-1-3jj did not require the County to comply with the specific notice requirements contained in West Virginia Code § 8A-7-5(b). A thorough reading of the articles contained in chapter 8A reveals that this chapter refers to the establishment of a planning commission, which "a governing body should have," but is not mandatory. *See* West Virginia Code § 8A-1-1(b). West Virginia Code § 7-1-3jj, expressly allows a County to create an ordinance regarding exotic entertainment in the absence of any such commission, and is silent with respect to notice requirements for these enactments. As the County did not have a commission at the time of the enactment of the ordinance, the provisions of chapter 8A do not apply in this case.

Further, although the County was not required to abide by the specific notice requirements cited by petitioner, we find that the circuit court did not err in finding that the County provided adequate notice. The ordinance was read in its entirety at two separate public

meetings of the Pendleton County Commission on April 5 and April 19, 2005. Also, following notice in the Pendleton Times newspaper, a public hearing was held on April 10, 2005, in regard to the ordinance.

Finally, based upon petitioner's own admission, the establishment is within 2,500 feet of a residence, and is therefore restricted from operating at that particular address due to the lawfully enacted zoning ordinance. Based upon the foregoing, petitioner has failed to demonstrate that the circuit court erred in finding that the ordinance is valid and was lawfully enacted, and we find that the circuit court did not abuse its discretion by granting the County Commission's injunction against petitioner.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:**  October 16, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II