296 S.E.2d 849

**Darrell D. KNOTTS and Laura M. Knotts**

v.

**SNYDER ENTERPRISES, INC., A West Virginia Corporation.**

**No. 14936.**

Supreme Court of Appeals of West Virginia.

July 15, 1982.

As Corrected on Denial of Rehearing Nov. 18, 1982.

James B. Crawford III, Charles Town, for appellants.

Peter L. Chakmakian, Charles Town, for appellee.

PER CURIAM:

Darrell and Laura Knotts appeal from a final judgment of the Circuit Court of Jefferson County denying their prayer for a mandatory injunction to compel the appellee, Snyder Enterprises, Inc., to remove a sanitary treatment facility which at present obstructs a street in the Shasta subdivision where the appellants' home is located. We conclude that upon the applicable law and the evidence presented, the trial court abused its discretion by denying the mandatory injunction and therefore we reverse the decision of the lower court.

The facts giving rise to this dispute are as follows. The plan for the Shasta subdivision originated in 1891 with the preparation of a map by surveyor S. Howell Brown which outlined lots, streets and alleys for the prospective community. This map or

plat was recorded in the Jefferson County Clerk's office in October, 1891. The proposed community was slow to materialize and the southern portion involved in the instant case remained undeveloped until the late 1950's and early 1960's.

About 1962, F. Bernard Snyder and his wife, presently chief stockholders in the family business of Snyder Enterprises, purchased and conveyed several lots in the southern portion of the Shasta subdivision. Snyder hoped to revitalize the Brown plan for the subdivision and used the 1891 plat in his sales pitch to potential buyers, including the appellants. The deeds conveying these lots expressly referred to the map of Shasta and used the identical designations for streets and lots employed on the map.

Appellants Darrell and Laura Knotts purchased several of these lots in 1963. Shortly thereafter, the Snyders apparently changed their scheme for the development of the Shasta subdivision and conveyed their holdings to appellee Snyder Enterprises, Inc. Through this corporation, the Snyders embarked upon a plan of establishing a trailer park. This plan was begun, but by the early 1970's it became apparent that a large sewage treatment facility would be necessary to meet the rapidly escalating needs of the trailer park.

Difficulties in finding a suitable location were soon encountered by the appellee because county regulations specified that such a facility could not be located within 100 yards of any home. After two aborted attempts, the corporation determined to put the plant on land extending some twenty-two feet into Ruby Street admittedly disregarding the fact that this street was travelled by residents of the subdivision.

Ruby Street had been open for public use since around 1967. Prior to that time, Bernard Snyder, who later conveyed his fee interest in that street to the appellee corporation, had directed certain improvements to be made to Ruby Street, thus converting what had been little more than a path into a passable street. Since that time, Ruby Street has been used frequently by residents of the subdivision. During construc-

tion of the treatment plant in 1975, Ruby Street was excavated and barricaded, thus rendering it impassable. The appellants filed suit in November, 1975 asking that the appellee be directed to remove all obstructions from Ruby Street. After construction of the sewage plant, the street became only partially passable. Automobiles were able to travel the street by using a portion of an adjoining lot also owned by appellee. The issue herein has been in litigation since that time.

■ During the first trial in 1977, the jury was unable to reach a decision. In the second trial, the trial judge, sitting without a jury, found that Ruby Street was passable and thus refused to grant the injunction. This refusal clearly contradicts a line of cases beginning with *Cook v. Totten,* 49 W.Va. 177, 38 S.E. 491 (1901), where it was held:

> When lands are laid off into lots, streets, and alleys, and a map plat thereof is made, all lots sold and conveyed by reference thereto, without reservation, carry with them, as appurtenant thereto, the right to the use of the easement in such streets and alleys necessary to the enjoyment and value of such lots.

This right entitles such purchasers to use all streets and alleys necessary for the complete enjoyment of their property regardless of whether such easements are public or private ways. *Deitz v. Johnson,* 121 W.Va. 711, 6 S.E.2d 231 (1939). This right has been reaffirmed most recently in *Teter v. Teter,* 167 W.Va. 770, 260 S.E.2d 270 (1979).

■ Numerous decisions sustain the proposition that once the right to the use of such way has been established, a mandatory injunction is the proper procedure to remedy its obstruction or encroachment. For example, syllabus point 2 of *Flaherty v. Fleming,* 58 W.Va. 669, 52 S.E. 857 (1907) holds: "Injunction is a proper remedy to prevent the maintenance of a wrongful obstruction of a private way."

Thus, in *State Road Commission v. Oakes,* 150 W.Va. 709, 149 S.E.2d 293 (1966), an injunction prohibiting further en-

croachment of a private way was upheld and the defendants were required to remove the existing obstructions. *See also Bent v. Trimboli*, 61 W.Va. 509, 56 S.E. 881 (1907); *Boyd v. Woolwine*, 40 W.Va. 282, 21 S.E. 1020 (1895).

The facts of the instant case indicate that the appellants purchased their lots with reference to a map of Shasta which designated Ruby Street as one of the main avenues in the southern portion of the subdivision. From this purchase, appellants derived a right to use this street. The appellants are entitled to the unobstructed use of this private way without reliance upon the continued munificence of the appellee in allowing traffic to travel on a portion of property not established as a private way.

The decision of the Circuit Court of Jefferson County is therefore reversed, and this case is remanded with directions to grant a mandatory injunction prohibiting the obstruction of Ruby Street and requiring the removal of the existing obstruction.

Reversed and remanded with directions to grant the injunction.