## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Nicholas T. Husson, Sharon J. Husson,**
**Nicholas Husson, and Simone L. Husson,**
**Defendants Below, Petitioners**

**FILED**

**April 8, 2016**
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 15-0088** (Putnam County 02-C-222)

**Teays Valley Industrial Park Owners and Users Association,**
**an association composed of TruGreen-Chemlawn, Baker Process,**
**American Meter Company, G & G Investments,**
**Anderson Stephan News Company, LLC, GDY, LLC,**
**and Criste & Company,**
**Plaintiff Below, Respondent**

### MEMORANDUM DECISION

Petitioners Nicholas T. Husson, Sharon J. Husson, Nicholas Husson, and Simone L. Husson (collectively "petitioners"), by counsel Mark A. Sadd and Valerie H. Raupp, appeal the Circuit Court of Putnam County's Final Opinion and Order of Judgment, entered on December 31, 2014, in which the circuit court found that petitioners had no right to directly access Erskine Lane, a private three-lane road, from their property. Respondent Teays Valley Industrial Park Owners and Users Association, an association composed of TruGreen-Chemlawn, Baker Process, American Meter Company, G & G Investments, Anderson Stephan News Company, LLC, GDY, LLC, and Criste & Company ("Association"), by counsel Alexander J. Ross, filed a response. Petitioners filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

### Factual and Procedural Background

The Association is an unincorporated association of lot owners within Teays Valley Industrial Park in Putnam County, West Virginia. The Association purports to maintain the roads in the industrial park. Erskine Lane is a private, three-lane, concrete road that serves as the sole

1

entrance to the industrial park.[1] Petitioners own a developed piece of property located east of Erskine Lane that runs along Teays Valley Road/State Route 33. Petitioners' property is located at the mouth of the industrial park, on the northeastern side of Teays Valley Road and the Erskine Lane intersection.

This matter originated in 2002 with the Association's filing of a civil action against petitioners after petitioners constructed a gravel driveway from their property to access Erskine Lane.[2] The Association alleged that petitioners did not have the right to directly access Erskine Lane and did not own a portion of the land under their newly-constructed driveway connecting to Erskine Lane due to a "strip or gore" between petitioners' property and Erskine Lane. The Association also claimed that petitioners' use of the connecting driveway obstructed the right-of-way on Erskine Lane and made travel along Erskine Lane unsafe. Petitioners disputed the Association's claim that a "strip or gore" existed between their property and Erskine Lane; on the contrary, they contended that their property is adjacent to, and abuts, Erskine Lane, therefore giving them the right to directly access Erskine Lane for ingress and egress to and from their property.

The case proceeded to a bench trial in 2009, which resulted in the circuit court's December 31, 2014, Final Opinion and Order of Judgment ruling in favor of the Association. The circuit court found that the property in question was originally part of a sixty-acre farm acquired in 1901, which was subdivided into eleven lots in 1936. The circuit court found that the deed from which petitioners acquired their property contained similar language to the language that was included in the deeds for the other lots, which stated, "There is reserved from the above conveyance eight feet along the lane as an outlet of the other lots in the division." This is the

---

[1] The Association did not allege that it owns the property or possesses an easement on the Erskine Lane right-of-way in dispute in this case, nor did it allege that it owns the Erskine Lane property. Rather, the Association claimed that its *members* each have a dominant estate and the right to use Erskine Lane as an outlet, granted by the Erskine heirs and continued through various chains of title. Petitioners state that the Association's two-count civil action alleged trespass and essentially sought ejectment to quiet title. However, before analyzing the evidence and the applicable law in its final order, the circuit court determined that it would evaluate the Association's case as one seeking declaratory judgment and injunctive relief.

[2] The Association states that petitioners bought their property for the dual purpose of erecting an office building and a building to house a pizza parlor. The Association further states that the Putnam County Planning Commission conditioned its building permit approval on Teays Valley Road serving as the sole ingress and egress to petitioners' property. The Association states that it filed its lawsuit after petitioners cut an additional entrance/exit -- the gravel driveway -- to their property by way of Erskine Lane. By Agreed Order entered on September 11, 2002, the circuit court permitted petitioners to use the gravel driveway during the pendency of the case.

only language in petitioners' deed referencing what is now known as Erskine Lane.[3] Petitioners claimed that this language gave them an express easement to access Erskine Lane.

The circuit court noted the parties' dispute as to whether the boundary of petitioners' property is adjacent to Erskine Lane, as petitioners claimed, or whether it was separated from Erskine Lane by a "strip or gore" of land approximately two-feet wide, as the Association claimed. The circuit court noted the lack of evidence as to the owner of this two-foot strip of land and the owner of the property underlying Erskine Lane, except that it was to be used as an outlet as needed. The circuit court found that there was an unexplained shift in the minutes call in the year 2000 from the previous deeds to petitioners' deed, resulting in the two-foot gap, as the Association alleged. The Association also claimed, however, that even if there was no gap between petitioners' property and Erskine Lane, petitioners were not entitled to use Erskine Lane because petitioners' property had direct access to Teays Valley Road/State Route 33 as an outlet from their property.

The circuit court concluded that the language in petitioners' deed that "[t]here is reserved from the above conveyance eight feet along the lane as an outlet of the other lots in the division," did not create an express easement because it reserved an outlet for "other lots in the subdivision." The circuit court found that the language did not reserve an easement for the servient estate described in petitioners' deed because, unlike the owners of the other lots, it was not necessary for petitioners to use Erskine Lane as an outlet. The circuit court also found that there was an unexplained gap between petitioners' boundary and Erskine Lane; therefore, petitioners had no right to use Erskine Lane on the basis that the lane abutted their property, as they alleged.

The circuit court next addressed whether petitioners had an implied easement[4] to use Erskine Lane. The court concluded that there was no implied easement because petitioners' property fronted Teays Valley Road/State Route 33. Therefore, petitioners' proposed use of Erskine Lane was not necessary due to the existence of other access to Teays Valley Road.

---

[3] The circuit court found that Erskine Lane originally ran from State Route 33 to State Route 34, but with the construction of Interstate 64 in the 1960s, a portion of Erskine Lane was blocked so that its only outlet was to State Route 33.

[4] To prove an implied easement or an easement by necessity, one must prove the following:

> (1) prior common ownership of the dominant and servient estates; (2) severance (that is, a conveyance of the dominant and/or servient estates to another); (3) at the time of the severance, the easement was strictly necessary for the benefit of either the parcel transferred or the parcel retained; and (4) a continuing necessity for an easement.

Syl. Pt. 4, in part, *Cobb v. Daugherty*, 225 W.Va. 435, 693 S.E.2d 800 (2010).

The circuit court also addressed whether petitioners were entitled to a prescriptive easement due to their prior use of Erskine Lane to access their property for the requisite period of time.[5] The circuit court concluded there was no prescriptive easement because the evidence at trial revealed that petitioners never used Erskine Lane, but rather, had solely used Teays Valley Road to access their property until the construction of the gravel driveway that sparked this litigation.

The Association also presented evidence that petitioners created a "curb-cut" on Erskine Lane which created a gravel driveway to petitioners' property. Although the Association did not claim that petitioners completely obstructed or blocked Erskine Lane, it did claim that individuals parked their vehicles on Erskine Lane, which created a safety concern and blocked certain lanes of traffic. The circuit court found that these vehicles may have belonged to patrons of petitioners' business. The Association contended that the curb cut created a safety issue due to the short distance – only seventy feet -- from the corner of Teays Valley Road to the gravel driveway. As a result of the unrebutted safety concerns raised by the Association, the court concluded that it would enjoin petitioners' access by way of the gravel driveway to their property, even if petitioners had established an easement or some other right of direct access to Erskine Lane.

In its final order, the circuit court ruled (1) that petitioners do not have a right-of-way, an easement, or any other right to directly access Erskine Lane from their property; (2) that because of the safety issues raised by the Association, petitioners are permanently enjoined from accessing Erskine Lane via the gravel driveway to their property; and (3) that the previously-issued temporary injunction allowing petitioners to use the gravel driveway to access Erskine Lane would terminate thirty days from the issuance of the final order. Petitioners now appeal to this Court.

**Discussion**

The following standard applies to this Court's review of bench trial decisions:

---

[5] A prescriptive easement is similar to the concept of adverse possession. We have held that

> [t]o establish an easement by prescription there must be continued and uninterrupted use or enjoyment for at least ten years, identity of the thing enjoyed, and a claim of right adverse to the owner of the land, known to and acquiesced in by him; but if the use is by permission of the owner, an easement is not created by such use.

Syl. Pt. 6, *Newman v. Michel*, 224 W.Va. 735, 688 S.E.2d 610 (2009) (quoting Syllabus Point 1, *Town of Paden City v. Felton,* 136 W.Va. 127, 66 S.E.2d 280 (1951)).

4

In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Pub. Citizen, Inc. v. First Nat'l Bank in Fairmont*, 198 W.Va. 329, 480 S.E.2d 538, (1996). Additionally, inasmuch as the circuit court granted injunctive relief to the Association, we review such a decision for an abuse of discretion. *See* Syl. Pt. 1, *G Corp, Inc. v. MackJo, Inc.*, 195 W.Va. 752, 466 S.E.2d 820 (1995) ("Unless an absolute right to injunctive relief is conferred by statute, the power to grant or refuse or to modify, continue, or dissolve a temporary or a permanent injunction, whether preventive or mandatory in character, ordinarily rests in the sound discretion of the trial court, according to the facts and the circumstances of the particular case; and its action in the exercise of its discretion will not be disturbed on appeal in the absence of a clear showing of an abuse of such discretion. Syl. pt. 11, *Stuart v. Lake Washington Realty,* 141 W.Va. 627, 92 S.E.2d 891 (1956)."). With these standards in mind, we turn to petitioners' arguments.

On appeal, petitioners raise nine assignments of error, the first three of which we address together because they challenge the circuit court's evaluation of the Association's suit as seeking declaratory and injunctive relief.[6] In reaching this determination, the circuit court stated as follows in its final order:

> The Association claims that the Defendants' use of the gravel driveway have [sic] obstructed or blocked the right-of-way on Erksine Lane, and that its use is dangerous to vehicles using Erskine Lane. Since the Association alleges that the Hussons do not have a right of direct access to Erskine Lane and do not own a portion of the land under the newly constructed driveway connecting to Erskine Lane due to a "strip or gore" between the Husson property and Erksine Lane, and since the Association alleges that the Hussons' use of Erskine Lane creates safety hazard, this Court evaluates the Association's case of one for declaratory judgment and injective relief.

Petitioners state that the Association's complaint alleged one count of trespass, and in a second unnamed count, appears to seek ejectment to quiet title. Petitioners argue that (1)

---

[6] Specifically, petitioners' first three assignments of error are as follows: (1) In its Final Opinion and Order of Judgment, the circuit court erred in converting, sua sponte, the Association's two causes of action from trespass and ejectment to quiet title to one solely for declaratory relief; (2) The circuit court erred in failing to notify petitioners before the end of the trial that it would adjudicate the Association's claims under standards for declaratory judgment and not under standards for trespass or ejectment to quiet title; and (3) The circuit court erred in entering judgment for the Association despite its failure to establish a requisite interest in the outcome as West Virginia Code § 55-13-2 or West Virginia Code § 55-13-11 require.

5

declaratory judgment requires less proof from the Association; (2) petitioners did not have proper notice that they were defending a declaratory judgment action and focused their entire defense on trespass and ejectment to quiet title; and (3) the circuit court was wrong to find that the Association's members have a dominant estate and the right to use Erskine Lane as an outlet and petitioners do not.

Upon our review, we find no error in the circuit court's evaluation of the Association's case as seeking declaratory and injunctive relief. Petitioners, in their answer to the complaint and in the counterclaims filed on their behalf, sought an injunction prohibiting the Association from interfering with their usage of Erskine Lane and sought declaratory relief in their favor. The record below does not paint the picture of a party prejudiced by a surprise ruling; rather, both parties asked the circuit court to decide if Erskine Lane could be used by petitioners, and petitioners simply do not like the outcome. Petitioners' argument that the court should not have evaluated the case in the context of declaratory judgment puts form over substance and is not a basis, in this case with its voluminous record of testimony, exhibits, and maps, to reverse the circuit court's final order.

In petitioners' fourth, fifth, and seventh assignments of error they argue that the circuit court erred in (1) concluding that petitioners' use of Erskine Lane is not an explicit right appurtenant to petitioners' property; (2) failing to apply the Unity Rule to conclude that petitioners' use of Erskine Lane is not an implicit right appurtenant to petitioners' property; and (3) considering necessity in its conclusion that petitioners did not have a right to use Erskine Lane. We address these arguments together.

Petitioners argue that all of the 1936 deeds for the eleven lots have the same language with respect to an outlet to Erskine Lane. However, petitioners dispute the circuit court's finding that the owners of the lots other than Lot 1, petitioners' lot, are entitled to use the lane as an outlet. West Virginia Code § 36-1-11 provides as follows:

> When any real property is conveyed or devised to any person, and no words of limitation are used in the conveyance or devise, such conveyance or devise shall be construed to pass the fee simple, or the whole estate or interest, legal or equitable, which the testator or grantor had power to dispose of, in such real property, unless a contrary intention shall appear in the conveyance or will.

Petitioners argue that, pursuant to West Virginia Code § 36-1-11, the appurtenant right to use Erskine Lane runs with Lot 1. Petitioners alternatively argue that if the 1936 deeds taken together do not create an explicit appurtenant right of Lot 1 to use the lane, then such a right is created by the well-established Unity Rule, which this Court has described as follows:

> "When lands are laid off into lots, streets, and alleys, and a map plat thereof is made, all lots sold and conveyed by reference thereto, without reservation, carry with them, as appurtenant thereto, the right to the use of the easement in such streets and alleys necessary to the enjoyment and value of such lots." Syllabus Point 2, *Cook v. Totten,* 49 W.Va. 177, 38 S.E. 491 (1901).

6

Syl. Pt. 1, *Knotts v. Snyder Enters., Inc.*, 170 W.Va. 727, 296 S.E.2d 849 (1982).

Upon our review, we find no error in the circuit court's rejection of petitioner's claim in this regard. Importantly, as the circuit court found, petitioners are not land-locked because they have direct access to Teays Valley Road; their use of Erskine Lane is not necessary for their use of their lot.[7] Long ago, this Court defined an "appurtenance" as "a thing belonging to and going with the transfer of a principal thing; used with, dependent upon the thing, and essential to it[.]" Syl. *Shrader v. Gardner*, 70 W.Va. 780, 74 S.E. 990 (1912). In the present case, petitioners do not have an appurtenant right to use Erskine Lane because their use of the lane is not "dependent upon" or "essential to" their use of their property.

Additionally, there is no error in the circuit court's finding that the word "outlet" was used in the subject deeds to grant the use of Erskine Lane to only those properties that would be otherwise landlocked. In this respect, contrary to petitioners' argument, necessity is relevant to the question in this case. As the Association argues, the 1936 deeds conveyed property, but limited the use of Erskine Lane as an outlet to and from Teays Valley Road. The deed language does not just grant the use of the lane; rather, the language conditions and limits the use of the lane to be an outlet. The evidence presented to the circuit court showed that, unlike petitioners' property which is not land-locked, the Erskine heirs were also selling lots not fronting Teays Valley Road where the outlet to Teays Valley Road would be necessary. Therefore, it was logical for the circuit court to find that the grantors expressly included language with the condition that Erskine Lane serve as an outlet because they could not sell land-locked land. Because petitioners' property fronts Teays Valley Road, they did not require an outlet, and accordingly, did not acquire the express right to use Erskine Lane by virtue of the language in their deed.

In petitioners' sixth assignment of error they challenge the circuit court's factual finding that their property does not abut Erskine Lane due to a "strip or gore" between the two.[8] Petitioners state that they placed their property's entire chain of title into evidence, and the westerly boundary is and has always been Erskine Lane. Petitioners argue that there was nothing in the evidence to support the finding that there is a strip or gore between the property and the eastern side of Erskine Lane. To find that such a gap exists, the circuit court focused on an "unexplained shift in the call from 13 degrees, 30 minutes to 14 degrees, 22 minutes east." However, petitioners argue that surveyor Jimmy Calhoun testified that the shift was the result of modern geodetic calibration, a common occurrence, and had no bearing on the boundary.

---

[7] Petitioners contend that necessity was not relevant inasmuch as they did not allege that they possessed an implied easement or an easement by necessity. While this may be true, we believe necessity is relevant to whether the petitioners have an express easement pursuant to the language in their deed, which conditions or limits the easement based on whether the owner requires an "outlet" from their property.

[8] Petitioners also argue that such a finding is irrelevant because they have the right to use Erskine Lane irrespective of whether it abuts their property. We have rejected this argument in our previous discussion.

Similarly, petitioners' eighth assignment of error challenges the circuit court's factual findings, and consequent permanent injunction, based on the safety issues created by petitioners' installation of a gravel driveway connecting to Erskine Lane. Petitioners contend that the circuit court abused its discretion by imposing a permanent injunction because it had the absolute right to access Erskine Lane.

We are mindful that this case proceeded to a bench trial, in which the circuit court heard from multiple witnesses and viewed numerous exhibits. Based on the weight of the evidence, the circuit court made certain findings and conclusions, which we are reluctant to disturb. One such finding was that, on September 28, 2000, the title language changed and a gap was created between petitioners' property and Erskine Lane in the Dean Barazi and Ibtesam Barazi deed to Hassan Barazi. The court stated in its final order that there was a shift in the minutes call from 13 degrees, 30 minutes east to 14 degrees, 22 minutes east, and that there was no evidence to explain that shift. The court noted the testimony of the Association's expert witness, engineer Patrick Gallagher, that a two-foot gap exists between petitioners' property and Erskine Lane, which petitioners failed to rebut. Additionally, the court found that the properties on the western side of Erskine Lane, Lots 11-8, have language in their deeds stating that the property line extends to the center line of Erskine Lane, but none of the deeds in petitioners' chain of title contain such language.

As for the safety issues created by petitioners' gravel driveway, the circuit court noted that it heard from experts regarding "stacking" issues in regards to the speed and volume of traffic entering Erskine Lane from Teays Valley Road and the traffic problems that could result from vehicles exiting petitioners' property via the driveway. The Association argued that the "curb cut" that petitioners made into Erskine Lane was too close to Teays Valley Road, given the speed at which individuals drive on that road. Importantly, this evidence was not rebutted, except for petitioners' argument that there have not been any accidents to date.

Upon our review and given our deference to the circuit court's findings and conclusions, we cannot find error with respect to the court's finding that a strip or gore exists between petitioner's property and Erskine Lane. *See* Syl. Pt. 1, *Pub. Citizen, Inc.,* 198 W.Va. at 329, 480 S.E.2d at 538. Likewise, there was ample evidence of the potential traffic dangers presented by petitioners' installation of the gravel driveway. Thus, we cannot find that the circuit court abused its discretion by enjoining the petitioners' use of the gravel driveway for safety reasons. *See* Syl. Pt. 1, *G Corp, Inc.,* 195 W.Va. 752, 466 S.E.2d 820.

In their final assignment of error, petitioners challenge the following four factual findings by the circuit court: (1) that the western boundary of petitioners' property is located parallel to but not necessarily adjacent to Erskine Lane; (2) that petitioners never used Erskine Lane and that [they] utilized solely [W. Va. Route 33] to access the property; (3) that the circuit court received no evidence to explain the shift in the call from 13 degrees, 30 minutes east to 14 degrees, 22 minutes; and (4) that the outlet language in the deed expressly reserved an easement in the other properties to use Erskine Lane and that it did not reserve an outlet for the dominant estate described in petitioners' deed. Petitioners rehash their prior challenges to the circuit court's findings. However, as we have discussed herein, these findings are supported by the record below and petitioners' assignment of error is without merit.

For the foregoing reasons, we affirm the Circuit Court of Putnam County's Final Opinion and Order of Judgment, entered on December 31, 2014.

Affirmed.

**ISSUED: April 8, 2016**

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**

Justice Robin Jean Davis